495 A.2d 928

COMMONWEALTH of Pennsylvania, Petitioner,

v.

Edward E. LUTZ, Respondent.

COMMONWEALTH of Pennsylvania, Petitioner,

v.

Ronald NESTOR, Respondent.

COMMONWEALTH of Pennsylvania, Petitioner,

v.

Paul D. CLINE, Respondent.

COMMONWEALTH of Pennsylvania, Petitioner,

v.

John Shand FRICK, Respondent.

COMMONWEALTH of Pennsylvania, Petitioner,

v.

Joseph P. CONWAY, Respondent.

COMMONWEALTH of Pennsylvania, Petitioner,

v.

James GIAMP, Respondent.

COMMONWEALTH of Pennsylvania, Petitioner,

v.

Donald Ray FAUST, Jr., Respondent.

COMMONWEALTH of Pennsylvania, Petitioner,

v.

Michael Barron EMERT, Respondent.

COMMONWEALTH of Pennsylvania, Petitioner,

v.

George MACALLISTER, Respondent.

Supreme Court of Pennsylvania.

Argued March 5, 1985.

Submitted March 5, 1985.

Decided June 26, 1985.

300

John J. Driscoll, Dist.Atty., Donna J. McClelland, Mary Beth Taylor, Asst.Dist.Attys., Greensburg, Robert E. Colville, Dist.Atty., Robert L. Eberhardt, Deputy Dist.Atty., Pittsburgh, for petitioner.

Bernard McArdle, Stewart, McCormick & McArdle, Greensburg, for Lutz.

Mary Baloh, Kradel and Himler, Latrobe, for Nestor and Emert.

George Lynch, Latrobe, for Cline.

Richard H. Galloway, Richard H. Galloway & Associates, P.C., Greensburg, Ross S. Bash, Delmont, for Frick.

Joseph Cassarino, Charles R. Conway, Gary A. Falatovich, Greensburg, for Conway.

Thomas W. Brown, Pittsburgh, for Giamp.

Gregory Cecchetti, Asst. Public Defender, Greensburg, for Faust.

Angelea Mitas, Office of the Public Defender, Greensburg, for MacAllister.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On application of attorneys for the Commonwealth, we have assumed plenary jurisdiction in the above-captioned nine cases, which have been consolidated herein for determination. Although these cases come to us in various procedural postures, the dispositive question in each is whether in a prosecution for drunk driving under the Motor Vehicle Code, 75 Pa.C.S.A. 3731, a defendant may be admitted to Accelerated Rehabilitative Disposition (ARD) over the objection of the attorney for the Commonwealth. In all of these cases, the attorneys for the Commonwealth declined to move for the defendants' admission into the ARD program, but the court, over objection of the Commonwealth, and upon motion of defense counsel, ordered that the defendants be considered for admission to the program or, in two cases, actually ordered that the defendants be admitted to ARD.[1]

1. In two of these cases, *Nos. 61 and 62,* the defendants were tried and convicted of drunk driving, but upon defendants' post trial motions, the *district attorneys were ordered to submit the cases for consideration* for ARD, at which point the Commonwealth appealed to Superior Court and petitioned this Court for extraordinary relief.

In two other cases, *Nos. 63 and 64,* the *defendants, upon their own motions* were *placed on ARD,* at which point the district attorneys appealed to Superior Court and sought extraordinary intervention from this court.

In three cases, *Nos. 75, 76, and 77,* the *defendant's motions to be considered for ARD were granted,* whereupon the district attorneys appealed to Superior Court and sought extraordinary relief from this Court.

In the last two cases, *Nos. 60 and 66,* upon motion of the defendants, the *district attorneys were ordered to submit* the cases *for pre-trial consideration for ARD,* at which point the district attorneys appealed to Superior Court and petitioned this Court to exercise extraordinary jurisdiction.

## THE THEORY OF ARD

ARD, accelerated rehabilitative disposition, is a pretrial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes.

Under the ARD rules, which this Court created in 1972 pursuant to our authority to supervise the lower courts, the district attorney has the discretion to refuse to submit a case for ARD, and if the case is submitted for ARD, the court must approve the defendant's admission. These rules, which appear at Pa.R.Crim.P. 175–185, also provide that the defendant must agree to the terms of the ARD, and that after he has completed the program successfully, the charges against him will be dismissed, upon order of court. If he does not complete the ARD successfully, he may be prosecuted for the offense with which he was charged. The district attorney's utilization of ARD is optional under the rules.

The impetus behind the creation of such rules was the belief, shared by the President's Commission on Law Enforcement and the Administration of Justice that some "cases which are relatively minor or which involve social or behavioral problems ... can best be solved by programs and treatments rather than by punishment."[2] Comment to Pa.R.Crim.P. 185.

**2.** Sentencing for a drunk driving conviction under the 1982 Motor Vehicle Code includes a one year suspension of the drunk driver's operating license, See 75 Pa.C.S.A. § 1532(b)(3), and a mandatory jail sentence:

(e) **Penalty.—**

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent

## STATUTORY CREATION OF ARD IN
## DRUNK DRIVING CASES

Whereas the ARD rules promulgated by this Court established ARD as an option which courts of common pleas acting upon the recommendation of district attorneys might utilize in appropriate cases, the 1982 Motor Vehicle Code *mandates* the creation of a statewide ARD program with respect to drunk driving cases:

### Accelerated Rehabilitative Disposition

The court of common pleas in each judicial district and the Municipal Court of Philadelphia *shall establish and implement a program for Accelerated Rehabilitative Disposition for persons charged with a violation of section 3731* (relating to driving under influence of alcohol or controlled substance) *in accordance with the provisions of this chapter and rules adopted by the Supreme Court.*

75 Pa.C.S.A. § 1552. (Emphasis added).

■ Although the statute creates ARD programs for drunk drivers, nowhere, apart from the reference in Section 1552 to the provisions of the chapter and the rules adopted by this Court, does it specify how persons charged with drunk driving are to be admitted to these programs. The only other reference to procedural matters appears in Section 3731, concerning certain drunk drivers who may *not* be

offense in this or other jurisdictions within the previous seven years.

(iii) not less than 90 days if the person has twice previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iv) not less than one year if the person has three times previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(2) Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

75 Pa.C.S.A. § 3731.

admitted to ARD, where the statute implies that admissions to ARD generally are to be moved by the attorney for the Commonwealth:

> **(d) Certain dispositions prohibited.**—*The attorney for the Commonwealth shall not submit a charge* brought under this section for Accelerated Rehabilitative Disposition if:
>
> > (1) the defendant has been found guilty of or accepted Accelerated Rehabilitative Disposition of a charge brought under this section within seven years of the date of the current offense;
> >
> > (2) the defendant committed any other act in connection with the present offense which, in the judgement of the attorney for the Commonwealth, constitutes a violation of any of the specific offenses enumerated within section 1542 (relating to revocation of habitual offender's license); or
> >
> > (3) an accident occurred in connection with the events surrounding the current offense and any person, other than the defendant, was killed or seriously injured as a result of the accident.

75 Pa.C.S.A. § 3731(d). (Emphasis added). Thus, the ARD program which is created by the Motor Vehicle Code, except for providing that certain cases may not be submitted for ARD, relies upon the rules of this Court for the procedural implementation of the statutory program.

ARD PROCEDURE UNDER PA.R.CRIM.P. 175–185

Under our rules, at Pa.R.Crim.P. 175–185, the attorney for the Commonwealth may "move that the case be considered for accelerated rehabilitative disposition" either before or after an information or indictment. Pa.R.Crim.P. 175, 176. The rules do not provide that other parties may submit a case for ARD consideration.

In cases decided before 1982, this Court and Superior Court considered the question of whether *parties other than the district attorney* could move for admission to ARD, and held that they could not. *Pyle v. Court of*

*Common Pleas of Cumberland County,* 494 Pa. 323, 325, 431 A.2d 876, 877 (1981); *Commonwealth v. Boerner,* 268 Pa.Super. 168, 171, 407 A.2d 883, 885 (1979). These holdings, in turn, are consistent with the Comment to Pa.R. Crim.P. 185:

> [N]o attempt has been made in these Rules to specify what cases or classes of cases should be eligible for inclusion in the program. *It is believed that the district attorney should have discretion with respect to which crimes he wishes to prosecute,* and the presence of the judge in the program, along with the defendant and his attorney, precludes any danger that such discretion may be abused.

(Emphasis added). We conclude, therefore, that district attorneys, *under the rules promulgated by this Court,* have the sole discretion in any criminal case, including drunk driving cases, to move for the admission of a defendant into ARD.

## IS THE DISTRICT ATTORNEY'S DISCRETION LIMITED BY THE MANDATORY SENTENCING PROVISIONS OF THE MOTOR VEHICLE CODE?

The argument has been made that cases decided before 1982 are irrelevant to this case because sentencing under the 1982 Motor Vehicle Code, unlike sentencing under the old Motor Vehicle Code, is mandatory. The argument is that failure of the district attorney to submit a case for ARD, in the context of mandatory sentencing, amounts to an unconstitutional exercise of the judicial power to sentence. Such an argument fails to acknowledge, however, that ARD is a *pre-trial* disposition, and that sentencing is a *post-trial* disposition of the case. Moreover, the failure of a Commonwealth attorney to submit a case for ARD does not, in itself, impose a sentence any more than the exercise of prosecutorial discretion in deciding to prosecute the case in the first instance imposes a sentence. After a prosecution is brought, the defendant may be acquitted, in which case no sentence at all will be imposed; and if the defend-

ant is convicted and the sentencing structure is set forth by a statute, that is in the province of the legislature, not the district attorney.

## IF THERE IS NO LEGAL REQUIREMENT THAT ARD RULES BE RELAXED, IS THERE A POLICY REQUIREMENT IN FAVOR OF RELAXATION OF THE RULES?

■ Admission to an ARD program is not a matter of right, but a privilege. *Commonwealth v. Armstrong*, 495 Pa. 506, 512, 434 A.2d 1205, 1208 (1981) ("Our rules give district attorneys broad discretion to select which crimes and which individuals qualify for diversion into ARD"). The question raised here is whether, as a matter of policy, the rules restricting a defendant from submitting his own case for ARD should be relaxed. We believe they should not.

■ Our restrictive approach to admission to ARD programs is intentional and purposeful, for it ensures that no criminal defendant will be admitted to ARD unless the party to the case who represents the interests of the Commonwealth, the district attorney, has made the determination that a particular case is best handled by suspending the prosecution pending the successful completion of a diversionary ARD program. Society has no interest in blindly maximizing the number of ARD's passing through the criminal justice system, and the criminal defendant has no right to demand that he be placed on ARD merely because any particular offense is his first. Rather, society, for its own protection, has an interest in carrying out the penalties prescribed by the legislature for drunk driving, except in the cases where even society's representative in the case, the district attorney, acting in conjunction with the court, and subject always to the restrictions set out in Section 3731(d) (concerning persons who may not be admitted to ARD) determines that ARD is preferable to conviction because of the strong likelihood that a given criminal defendant will in fact be rehabilitated by an ARD program.

## WHAT LIMITATIONS ARE PLACED ON THE COMMONWEALTH ATTORNEY'S DISCRETIONARY REFUSAL TO SUBMIT A CASE FOR ARD?

Although the procedural posture of the cases consolidated herein is such that no challenge has been made to the district attorneys' exercise of discretion in not submitting these cases for ARD, we address the issue of the prosecutor's discretion because of language in the trial courts' opinions indicating that prior convictions are relevant to submission for ARD only if they are related to drunk driving. The implication is that if a district attorney refuses to submit a case for ARD because of a prior conviction unrelated to drunk driving, he may have abused his discretion.[3] In *Commonwealth v. Lutz*, for example, the court stated:

> Mr. Lutz's prior ARD for receiving stolen property sheds no light upon his probable alcoholic consumption or his conduct upon the highway where a prior ARD for driving under the influence would provide insight and a degree of predictability as to both. Considering the purpose of this

---

**3.** The district attorneys refused to move for these defendants' admission to the ARD programs for the following reasons:

* No. 60 (Lutz): defendant had a prior ARD for receiving stolen property;
* No. 61 (Nestor): defendant had prior convictions of criminal trespass and theft;
* No. 62 (Cline): defendant was charged with drunk driving in the present case within six months of being released from supervision under a prior ARD program for drunk driving;
* No. 63 (Frick): defendant was charged with other motor vehicle offenses (fleeing a police officer and 5 counts of disobeying traffic signals) as part of the same drunk driving transaction;
* No. 64 (Conway): defendant was charged with other motor vehicle offenses (driving while license was suspended or revoked) as part of the same drunk driving transaction;
* No. 66 (Giamp): defendant had a prior conviction of pool selling and bookmaking;
* No. 75 (Faust): defendant was charged with another motor vehicle offense (driving while his license was suspended or revoked) as part of the same drunk driving transaction;
* No. 76 (Emert): defendant had participated in an ARD program in 1977 for a drunk driving offense;
* No. 77 (MacAllister): defendant had prior convictions of robbery, attempted theft, criminal mischief and simple assault.

act is to deal with the problem of the alcohol consuming motorist, I can see why the legislature did not exclude all prior ARD probationers as candidates for ARD under the new driving under the influence act; but rather chose to eliminate from consideration only those with a history of convictions or ARD's arising from drunk driving charges. The Commonwealth ... argues that the defendant's arrest for driving under the influence after completing an ARD under the Crimes Code reflects on his character and his amenability to rehabilitation. It may equally, and more likely, reflect an inability to deal with an untreated alcohol problem.

No. 60, Repr.Rec. at 44. Similarly, in *Commonwealth v. Giamp*, the court stated:

For purposes of a drunken driving ARD program the fact that a person has committed a burglary, a theft or even a murder provides the Court or the Commonwealth with no information relevant to his propensity to drive while intoxicated, or his need for alcoholic rehabilitation. The fact that one is a thief or even a murderer has no bearing on one's ability to drive safely or one's predisposition to drive while intoxicated. Prior motor vehicle violations and drug or alcohol problems are the primary issues with which a sentencing court must concern itself....

No. 66, Repr.Rec. at 37a.

Contrary to the view of the trial courts, we do not believe that only prior offenses related to drunk driving are relevant to admission to an ARD program. What is relevant in moving a particular defendant's admission to ARD is whether he is the type of person who can benefit from the treatment offered by an ARD program, not whether he has been in trouble with alcohol and an automobile before.

This judgment, in turn, rests in the sound discretion of the district attorney. Such discretion, of course, is not without limitation, and, as is indicated by Professor Davis in *Discretionary Justice*, may be usefully circumscribed by a requirement of openness:

> The seven instruments that are most useful in the structuring of discretionary power are open plans, open policy statements, open rules, open findings, open reasons, open precedents, and fair informal procedure. The reason for repeating the word "open" is a powerful one: Openness is the natural enemy of arbitrariness and a natural ally in the fight against injustice.

(1969 Ed. at 98). Although some of these categories do not particularly apply to prosecutorial discretion, but are listed because Davis is writing about administrative agencies in general, the category "open reasons" does apply. In all of the cases consolidated herein, the prosecutors have openly specified their reasons for not submitting the cases for ARD, and those reasons, while they may be subject to disagreement as to their wisdom, do not amount to an abuse of discretion.

Since the judgment about who can benefit from ARD is subjective, and since society may be seriously damaged by a wrong judgment, the district attorney is not to be faulted if he errs on the side of caution. After all, the offenses with which the accused are charged in these cases involved the risking of the lives of themselves and others, and it may well be that some offenders are better rehabilitated by a mandatory jail sentence and a temporary loss of their license than a program of treatment and instruction.

■ In any event, the decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender. *Compare Shade v. Commonwealth of Pennsylvania Department of Transportation,* 394 F.Supp. 1237, 1242 (M.D.Pa.1975), citing *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

## MAY DIFFERENT RULES BE PROMULGATED BY COURTS OF COMMON PLEAS PURSUANT TO THE STATUTE?

It has been argued that even if our rules governing ARD are read restrictively to allow only Commonwealth attorneys to submit cases for ARD, the courts of common pleas, acting pursuant to the mandate of the 1982 Motor Vehicle Code to establish ARD programs in drunk driving cases, are authorized to establish different rules or practices applicable to those statutorily mandated ARD programs.

Two arguments in support of the co-existence of such separate rules or practices are urged: (1) since the courts of common pleas are mandated by Section 1552, supra, to "establish and implement" ARD programs, a particular court of common pleas, acting pursuant to the authority of the statute, may promulgate rules for admission to ARD programs in drunk driving cases which are different from rules promulgated by our Court for use in ARD programs generally; and (2) in listing which cases may *not* be submitted for ARD in Section 3731(d), supra, the legislature, by implication, has directed that all other cases be submitted for ARD.

The rulemaking authority of this Court rests ultimately in Art. 5 § 10 of the Pennsylvania Constitution, which, in pertinent part, provides:

(a) The Supreme Court shall exercise general supervisory and administrative authority over all the courts....

\* \* \* \* \* \*

(c) The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, ... if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant.... All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.

These provisions establish, *inter alia*, that if the rules or practices of the lower courts are inconsistent with the rules

adopted by this Court, the lower court rules or practices are invalid.

We must address the question, then, whether locally established rules or practices which enable the defendant in a drunk driving case to move his own admission to ARD are inconsistent with the rules of this Court? The answer is in the affirmative. Our earlier discussion of the *Pyle* and *Boerner* cases and a plain reading of our ARD rules, Pa.R.Crim.P. 175–185, themselves make it clear that only Commonwealth attorneys may move for admission to ARD under those rules. Assuming, *arguendo*, as it has been asserted, that the Motor Vehicle Code does *require* Courts of Common Pleas to establish ARD programs in which all first offenders charged under Section 3731 (drunk driving) must be placed on ARD, such statutory provision, since it is in contravention of the rules of this Court, would be invalid. Art. 5 § 10, Pa. Const. *A fortiori*, rules or practices *voluntarily* established by courts of common pleas in contravention of the rules of this Court, are *per se* invalid.

We conclude, therefore, that the rules of this Court governing ARD, as modified by Section 3731(d) (prohibiting the attorney for the Commonwealth from moving certain cases to ARD), are the sole applicable procedure by which a person charged with drunk driving may be admitted to ARD, and that no criminal defendant, including a person charged with drunk driving, may move his own admission to ARD.

## THE SERIOUSNESS OF THE CRIME OF DRUNK DRIVING

Although the lower courts and defense counsel have expressed the opinion that the crime of drunk driving is fundamentally different from criminal acts codified in the Crimes Code in that drunk driving does not require criminal intent and that this absence of criminal intent justifies lenient treatment of drunk drivers, such a view is fundamentally in error. For one thing, such a view is at odds with the clear legislative mandate. For another, the es-

sence of the seriousness of the crime of drunk driving is that it is a life-threatening act. The fact that the drunk's state of mind may technically be described as grossly negligent or grossly reckless, not "driving with the intent to kill," does not negate the fact that as a result of his recklessness, innocent people and the drunk himself may be and often are injured or killed. In the face of the rather simple realities associated with drunk driving—that terrible costs in human life, injury and potential are exacted for no reason except the transitory pleasure of the drunk—it would be folly to encourage those who consume alcohol to believe that if they are caught driving while intoxicated, society will take a light view of it.

### ORDER

The orders in No. 61 (Nestor) and 62 (Cline) directing the district attorneys to present the cases for ARD consideration are vacated, and the adjudication of guilt on the charges brought in these cases is reinstated. No. 61 and No. 62 are remanded for sentencing under the act.

The orders in No. 63 (Frick) and No. 64 (Conway) directing that the defendants be accepted into the ARD program are vacated and the cases are remanded for trial.

The orders in No. 60 (Lutz), No. 66 (Giamp), No. 75 (Faust), No. 76 (Emert), and No. 77 (MaCallister) directing that the defendants be considered for ARD are vacated and the cases are remanded for trial.

All appeals to Superior Court are quashed.

NIX, C.J., filed a concurring and dissenting opinion in which ZAPPALA, J., joins.

NIX, Chief Justice, concurring and dissenting.

I concur in part and dissent in part. While I agree with the majority's conclusion that an attorney for the Commonwealth has sole discretion in determining which cases should be submitted for Accelerated Rehabilitative Disposition (ARD), I am troubled by the conclusion that we must rely on the openness of the exercise of that discretion and an extremely narrow scope of review to restrain abuse.

Initially the majority emphasizes the importance of the openness of the exercise of the prosecutor's discretion. In so doing Mr. Justice Flaherty points out that the prosecutors in each of these consolidated cases gave specific reasons for refusing to submit the case for ARD. There is no indication, however, of whether there is a requirement that prosecutors in all ARD cases specifically articulate their reasons for withholding a case from ARD consideration. To insure the openness necessary for a useful restraint against abuse of discretion, such an articulation is clearly required.

Moreover, the majority's conclusion that there is an abuse of discretion only when "some criteria for admission to ARD wholly, patently and without doubt unrelated to the protection of society ..." is used accords wider discretion to the prosecutor than any official has ever been or should be allowed. Abuse of discretion should be found upon a showing of fraud or arbitrariness. In so concluding I note that even the extraordinary remedy of mandamus will lie where official discretion has been arbitrarily or fraudulently exercised. *See County of Allegheny v. Commonwealth, Board of Probation and Parole,* 507 Pa. 360, 490 A.2d 402 (1985); *Valley Forge Racing Association v. State Horse Racing Commission,* 449 Pa. 292, 297 A.2d 823 (1972).

ZAPPALA, J., joins in this concurring and dissenting opinion.