## Commonwealth v. Watts

*Robert W. Ferrell III, assistant district attorney,* for the Commonwealth.
*David Raker,* for defendant.

BROWN, *J.,* November 13, 1990—The following background is submitted in explanation of this opinion and order.

Defendant was recommended for the ARD program by the Lycoming County District Attorney's Office for the offense of DUI. As part of the Commonwealth's determination to recommend defendant for ARD the Commonwealth recommended a six-month suspension of defendant's driver's license. This suspension period is consistent with a case where the defendant has refused to undergo a blood alcohol test.

Defendant apparently disputes the assertion that he knowingly and intelligently refused to take a blood alcohol test and, in fact, is litigating this issue in this court with the Pennsylvania Department of Transportation, in an appeal of the suspension of his driving privileges by the Department of Transportation. This litigation with the Department of Transportation is not completed as defendant has re-

quested a continuance in that matter so as to not potentially incriminate himself on these pending criminal charges.

At defendant's hearing for placement on ARD, he objected to the proposed condition of the six-month suspension. Defendant apparently would accept ARD if given a two- to three-month license suspension, which he claims is normally given in a non-refusal of a blood alcohol test in a DUI case. Defendant thus filed this motion to compel ARD on his own terms; that is, a two- to three-month license suspension. As the Commonwealth has recommended defendant for ARD with a six-month license suspension, they apparently will not recommend defendant for ARD if defendant does not agree to this term of suspension.

The district attorney is provided with discretion in administering the ARD program. See Pa.R.Crim.P. 176. In fact, our Supreme Court has stated: "[D]istrict attorneys, *under the rules promulgated by this court,* have the sole discretion in any criminal case, including drunk driving cases, to move for the admission of a defendant into ARD." *Commonwealth v. Lutz,* 508 Pa. 297, 306, 495 A.2d 928, 932 (1985). (emphasis in original) We note that defendant cannot move himself for admission into the ARD program. See *Commonwealth v. Lutz, supra.* The importance of the district attorney's role in the ARD process is illustrated by the Pennsylvania Supreme Court in *Commonwealth v. Lutz, supra,* by the court's following comments:

"Our restrictive approach to admission to ARD programs is intentional and purposeful, for it ensures that no criminal defendant will be admitted to ARD unless the party to the case who represents the interests of the Commonwealth, the district attorney, has made the determination that a particular

case is best handled by suspending the prosecution pending the successful completion of a diversionary ARD program." *Id.* at 307, 495 A.2d at 933. See also, *Commonwealth v. Roeder,* 353 Pa. Super. 137, 509 A.2d 373 (1986). While it is true that a court could consider a claim that the district attorney has abused his discretion in not submitting a case for ARD, such review by the court is inherently of a limited nature. Once again, the Pennsylvania Supreme Court in *Commonwealth v. Lutz, supra,* states as follows:

"In any event, the decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender." *Id.* at 310, 495 A.2d at 935. (emphasis in original) See also, *Commonwealth v. Stranges,* 397 Pa. Super. 59, 579 A.2d 930 (1990) (reviewing recent ARD decisions).

We will not second-guess the district attorney's position that this case would be acceptable for his submission for ARD only with a condition of a six-month license suspension. This decision is part of his appropriate responsibility in reviewing this case. Clearly, this decision is not an abuse of discretion as discussed in the cited case law. Further, while it is the judge's responsibility to state to the parties the conditions of ARD, see Pa.R.Crim.P. 179(c), 183, we should give credence to the district attorney's evaluation of the facts of the case and his

recommendations as to conditions. The district attorney has investigated the facts of the case and the background of the offender. As earlier stated, the district attorney could choose not to recommend this case for ARD consideration at all, because of the underlying facts and circumstances. We thus accept his recommendation of a six-month suspension of defendant's drivers license as a condition of ARD.*

Finally, it would not be practical for the court to hold hearings on motions to compel ARD whenever a defendant is unhappy with a condition which is recommended by the district attorney as a condition of his submission of the case for ARD. Rather, a defendant must make a decision whether he will accept the benefits of the program as offered or whether he wishes to stand trial in the matter.

Accordingly defendant's motion to compel ARD will be denied without an additional hearing, for the reasons stated in this opinion.

ORDER

And now, November 13, 1990, defendant's motion to compel ARD is hereby denied. The court administrator is directed to place the case back on the criminal trial list.

---

* In fact, a review of the affidavit of probable cause filed by the police in this case reveals a number of factors beyond defendant's alleged refusal to submit to the blood alcohol test, which show non-cooperation by defendant. For example, defendant was not cooperative in performing field sobriety tests. The police also felt defendant was trying to hide a half-consumed can of cold beer by covering it with newspapers.