## Commonwealth v. Ems

*Lindsay S. Maider, assistant district attorney,* for the Commonwealth.
*David Sowerbutts,* for defendant.

CLARK, *J.,* March 4, 1994—Defendant was stopped by a police officer on June 5, 1993. Subsequent investigation disclosed that he was under the influence at the time and he was arrested. Thereafter, he filed for acceptance into the Bucks County accelerated rehabilitative program. The district attorney's office rejected him solely because his 5-year license had expired on March 31, 1993. Defendant then submitted a motion to compel and a hearing was held before the undersigned on November 4, 1993. The district attorney's office participated in said hearing.

Section 1501(a) of the Pennsylvania Motor Vehicle Code provides, inter alia, "No person ... shall drive ... in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter."

Section 1501(d) of the Motor Vehicle Code provides, inter alia, "Any person violating subsection (a) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200, except that, if the person furnishes satisfactory proof of having held a driver's license valid on the last day of the preceding driver's license period and no more than one year has elapsed from the last date of renewal, the fine shall be $25." Both sides agree defendant fits into the $25 category.

Under the circumstances, this court had to decide if the district attorney's decision to reject defendant's application for inclusion into the A.R.D. program was arbitrary, capricious and an abuse of discretion.

The Pennsylvania Superior Court in *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985) stated, "This judgment, in turn, rests in the sound discretion of the district attorney. Such discretion,. of course, is not without limitation ... ." *Id.* at 309, 495 A.2d at 934.

The unwritten policy of the Bucks County district attorney's office does not deny A.R.D. for convictions of speeding, reckless driving, violating red lights and driving on the wrong side of the highway, all of which sections of the Motor Vehicle Code were undoubtedly enacted for the "protection of society." *Id.* at 310, 495 A.2d at 935. Nor does the Bucks County district attorney's A.R.D. policy prevent one who has been convicted of driving on an expired inspection sticker from being accepted into the program. This court is likewise reasonably certain that requiring inspections of motor vehicles to be kept current was enacted by the legislature for the "protection of society."

It, therefore, seems to this court, in light of the aforesaid, for the district attorney to reject A.R.D. because one's 5-year license had not been renewed in time due to negligence or carelessness for two months and five days is arbitrary, capricious and an abuse of discretion.

Certainly, defendant's success in rehabilitation would be more likely if he were accepted into the A.R.D. program. *Id.* at 307, 495 A.2d at 933.

In closing, this court suggests that it is long overdue for the Bucks County district attorney's office to reduce its policy on A.R.D. to writing setting forth its criteria, so that this court is not constantly being called upon to review the district attorney's discretion on an ad hoc basis.