## Commonwealth v. Burd

*William Scullion, assistant district attorney,* for the Commonwealth.

*Richard K. Renn,* for defendant.

UHLER, *J.,* August 24, 1994—Before the court is defendant's, Theodore F. Burd, motion to set aside denial of disposition of case by accelerated rehabilitative disposition. A hearing was held on the matter on August 5, 1994, whereby the court received testimony relating to the underlying issues. From this testimony, we make the following determination.

The defendant in this case was charged with the offense of selling or furnishing liquor or malt or brewed beverages to minors in violation of 18 Pa.C.S. §6310.1. Defendant sought admission to the Accelerated Rehabilitative Disposition program, a program created by the Supreme Court of Pennsylvania in 1972 to "provide more trial time for major crimes such as murder, rape and robbery."[1] In

---

1. See Def.'s exhibit no. 2.

order to be accepted into the A.R.D. program the applicant must meet certain qualifications and satisfy certain conditions. In the present case, the defendant was determined eligible for A.R.D., met the qualifications and satisfied certain preconditions, with the exception of paying the $1000 fee imposed on A.R.D. applicants whose offense was selling or furnishing liquor to minors. As a result of the defendant's refusal to pay the $1000 fee, his application was ultimately rejected.

The defendant, in his petition, asks this court to determine whether the $1000 fee imposed on the defendant's class of crimes for admission into the A.R.D. program is a "reasonable charge relating to the expense of administering the program" as required under section 182 of the Rules of Criminal Procedure. In the leading Pennsylvania case on the district attorney's role in A.R.D. cases is *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985). In *Lutz,* the Supreme Court states:

"[T]he decision to submit the case for A.R.D. rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to A.R.D. wholly, patently and without doubt *unrelated* to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for A.R.D. consideration based on his view of what is most beneficial for society and the offender." *Id.* at 310, 495 A.2d at 935. (emphasis in original)[2]

We find that the $1000 fee is not reasonably related to the costs of administering the A.R.D. program; thus,

2. See *Compare Shade v. PennDOT,* 394 F. Supp. 1237, 1242 (M.D. Pa. 1975), citing *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

an abuse of the district attorney's discretion. A portion of the fee, in the absence of any proof suggesting otherwise, amounts to a fine. Rule 182 specifically states, "[t]he conditions of the program may be such as may be imposed with respect to probation after conviction of a crime, including restitution, except that a fine may not be imposed."

Testimony presented by Linda Daggett, administrator of the A.R.D. program, indicated the following administrative fee structure for admission into the A.R.D. program:

(1) $325—D.U.I. (if A.R.D. request is made within three days of the preliminary hearing).

(2) $425—D.U.I. (if A.R.D. request is NOT made within three days of the preliminary hearing).

(3) $300—Non-D.U.I. related offenses.

(4) $1000—Selling or furnishing liquor to minors.

With the exception of the fee imposed for furnishing alcohol to minors offenders, the fees imposed appear to be reasonably related to the expense of administering the program. However, the Commonwealth was unable to explain the fee disparity from an administrative standpoint. No special programs, initiatives or additional costs are involved in administrating the A.R.D. program for violators of section 6310.1.

The Commonwealth indicated, through the testimony of District Attorney H. Stanley Rebert, that the $1000 fee was imposed as a condition of acceptance into the A.R.D. program due to nature of the offense. Also, the district attorney stated that he did not wish to defeat the purpose of the mandatory $1000 fine in the statute. We are not persuaded by either argument. First, if the offense is considered so egregious, perhaps A.R.D. should not be made available for such offenders. Second, and more importantly, Rule 182 specifically forbids the imposition of a fine as a condition to acceptance into the A.R.D. program.

Thus, without proof of additional expenditures required for the administration of the A.R.D. program with respect to those charged with selling or furnishing alcohol to minors, the fee for admission into the program shall be consistent with the fee for other non-D.U.I. related offenses. Alternatively, the district attorney's office may choose, in the exercise of its discretion so long as a basis can be advanced, to discontinue accepting this class of offenders into the A.R.D. program.

Accordingly, we grant the defendant's motion to set aside the denial of A.R.D. because the $1000 fee has not been shown to be reasonably related to the administration of said program.

An appropriate order shall be entered.

## ORDER

And now, to wit, August 24, 1994 defendant's, Theodore F. Burd, motion to set aside denial of disposition of case by accelerated rehabilitative disposition is hereby granted.