670 A.2d 137

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**John EMS.**

Supreme Court of Pennsylvania.

Argued Dec. 5, 1995.

Decided Jan. 19, 1996.

Lindsay N. Scott, Stephen B. Harris, Commonwealth.

184

David J. Sowerbutts, Bristol, for John Ems.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY and CASTILLE, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

CASTILLE, J., files a dissenting statement in which FLAHERTY, J., joins.

CASTILLE, Justice, dissenting.

Contrary to the position of the majority of this Court, I do not believe that this appeal should be dismissed as being improvidently granted. Such action lets stand the lower courts' rulings which I believe were erroneous. Instead, I believe that the Court should have reached the merits of this appeal and reversed the Superior Court's affirmance of the Bucks County Court of Common Pleas order compelling appellee's acceptance into an Accelerated Rehabilitative Disposition ("ARD") program. Accordingly, I respectfully dissent from the majority's *per curiam* order.

In this case, appellee was arrested for driving under the influence of alcohol. When he was arrested, appellee's driver's license had been expired for two months and five days. Appellee applied to the district attorney for admission into ARD. Because his expired driver's license made him unable to obtain automobile insurance, the district attorney denied his application for admission into ARD on the basis that a denial was proper in order to protect society from the economic harm presented by uninsured drivers to others on the road. Despite this rejection, appellee moved the Court of Common Pleas for admission into ARD and the Court of Common Pleas issued an order compelling appellee's acceptance into ARD.

Under prevailing case law, a criminal defendant charged with drunk driving cannot move for his admission into an ARD program. Rather, only the district attorney can move for the

admission of a person into an ARD program. *Commonwealth v. Lutz,* 508 Pa. 297, 312, 495 A.2d 928, 935 (1985). In *Lutz,* this Court stated:

> ... the decision to submit the case for ARD rests in the sound discretion of the district attorney, and absent an abuse of discretion involving some criteria for admission to ARD wholly, patently and without doubt unrelated to the protection of society and/or likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

*Id.,* 508 Pa. at 310, 495 A.2d at 935. If a district attorney rejects a person for admission into an ARD program, the district attorney must be able to articulate specific reasons for the denial. *Commonwealth v. Kiehl,* 353 Pa.Super. 353, 509 A.2d 1313, 1314 (1986).

Here, the majority's *per curiam* order dismissing the appeal as being improvidently granted allows the lower court ruling to stand which directly conflicts with this Court's holding in *Lutz.* The *per curiam* order would have the effect of improperly allowing appellee to move for admission into ARD. I further believe that the district attorney presented a sufficient reason for not moving for appellee's admission into ARD, and since the appellee has failed to demonstrate that the district attorney's refusal was wholly, patently and without a doubt unrelated to protecting society, the Court of Common Pleas improperly interfered with a decision that was within the sound discretion of the district attorney.

Accordingly, since I believe that this Court should have reached the merits of this case and reversed the lower courts' holdings since they directly conflict with *Lutz,* I must respectfully dissent from the entry of the order dismissing this appeal as being improvidently granted.

FLAHERTY, J., joins in the Dissenting Statement.