J-A04001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| H.C.G. | : | |
| | : | |
| Appellant | : | No. 1472 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 18, 2021
In the Court of Common Pleas of Mifflin County Criminal Division at No:
CP-44-CR-0000110-2021

BEFORE: STABILE, J., DUBOW, J., and McCAFFERY, J.

DISSENTING MEMORANDUM BY STABILE, J.: **FILED: MAY 15, 2023**

Because I believe the record reflects an appropriate exercise of discretion on the part of the district attorney at the time the decision was made, and because subsequent developments in the law do not entitle Appellant to the relief the Majority orders, I respectfully dissent.

The Mifflin County District Attorney declined to move for Appellant's admission into Accelerated Rehabilitative Disposition ("ARD"), because under ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020), **overruled**, ***Commonwealth v. Richards***, 284 A.3d 214 (Pa. Super. 2022) (*en banc*) ***Commonwealth v. Moroz***, 284 A.3d 227 (Pa. 2021) (*en banc*), the prevailing jurisprudence at the time, a prior ARD could not be considered a first offense in the event the defendant committed another DUI offense. The Mifflin County District Attorney decided public safety would be best served by not offering

ARD for DUI offenses, because the DUI statute provides harsher punishments for repeat offenders.[1]

Refusal of ARD in order to protect the public is well within the district attorney's discretion. In **Commonwealth v. Lutz**, 495 A.2d 928 (Pa. 1985), our Supreme Court explained that "[a]dmission to an ARD program is not a matter of right, but a privilege." **Id.** at 933. Thus, no criminal defendant may move to submit his or her own case to ARD; the discretion to do so rests with the prosecuting attorney.

> [S]ociety, for its own protection, has an interest in carrying out the penalties prescribed by the legislature for drunk driving, except in the cases where even society's representative in the case, the district attorney, acting in conjunction with the court, [...] determines that ARD is preferable to conviction because of the strong likelihood that a given criminal defendant will in fact be rehabilitated by an ARD program.

**Id.**

The prosecutor's discretion in this matter is subject to few limitations. "Since the judgment about who can benefit from ARD is subjective, and since society may be seriously damaged by a wrong judgment, the district attorney is not to be faulted if he errs on the side of caution." **Id.** at 935. So long as the decision is related to the protection of society, courts will not disturb the district attorney's decision.

> In any event, the decision to submit the case for ARD rests in the sound discretion of the district attorney, and **absent an abuse of that discretion involving some criteria for**

---

[1] **See** 75 Pa.C.S.A. § 3803.

**admission to ARD wholly, patently and without doubt unrelated to the protection of society** and/or the likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

*Id.* at 935. (Emphasis added).

The District Attorney articulated his reasons well. In the District Attorney's view, public protection was served better by denying ARD while *Chichkin* was in force, because anyone who completed an ARD and then reoffended would not be subject to the more severe penalties typically applicable to recidivist DUI offenders. N.T. Hearing, 6/8/21, at 8-10. Further, the District Attorney explained that, under his policy, the DUI recidivist penalties would apply automatically, without the need to argue to the trial court for a more severe sentence based on a prior ARD that, under *Chichkin*, technically is not a prior offense. *Id.* at 22-23. The district attorney noted that its policy was in line with the protection of the public, the statutory DUI penalty scheme, and our Supreme Court's opinion in *Lutz*. *Id.* at 23.

The Majority, though it acknowledges the broad discretion afforded the District Attorney, concludes that this Court's overruling of *Chichkin* requires us to vacate the judgment of sentence and remand for further consideration because *Chichkin*, the impetus for the Mifflin County District Attorney's blanket policy on ARD, has been overruled. I disagree. The District Attorney's view, put simply, is that the protection of the public is better served by

ensuring that recidivist DUI offenders are sentenced in accord with § 3803. That decision, at the time it was made, was well within the District Attorney's discretion under *Lutz*. The Majority does not contend otherwise and offers no legal basis for winding the clock back to revisit the decision based on a subsequent change in the law.

Appellant already has been tried and convicted, and I discern no reason why the overruling of *Chichkin* is grounds for disturbing the result of the trial. As noted above, ARD is a privilege, not a right. *Lutz*, 495 A.2d at 933. Thus, for present purposes, the overruling of *Chichkin* implicates nothing more than a privilege offered to some DUI defendants at the discretion of the prosecuting attorney. Despite Appellant's lack of a right to ARD (indeed, the lack of a right even to move his own admission into ARD), and despite the broad discretion afforded to prosecutors in determining which cases are appropriate for ARD, the Majority forces the Mifflin County District Attorney into a choice between moving Appellant into ARD or expending the public resources necessary to retry him. Because the overruling of *Chichkin* does not warrant this result, I would affirm the judgment of sentence.

I respectfully dissent.