**[J-75-2024] [MO: Todd, C.J.]**

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 26 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the order of the Superior |
| | : | Court at No. 1480 MDA 2022 dated |
| | : | April 24, 2023 |
| v. | : | reversing/vacating/remanding the |
| | : | Judgment of Sentence of the Adams |
| | : | County Court of Common Pleas, |
| GEORGE THOMAS SHIFFLETT, | : | Criminal Division, at No. CP-01-CR- |
| | : | 0000650-2022 dated September 22, |
| Appellant | : | 2022. |
| | : | |
| | : | ARGUED:  October 9, 2024 |

## DISSENTING OPINION

**JUSTICE BROBSON**                                    **DECIDED:  May 30, 2025**

Section 3806(a) of the Vehicle Code, 75 Pa. C.S. § 3806(a)—in no uncertain terms—puts a defendant on notice that if he accepts Accelerated Rehabilitative Disposition (ARD) on a present violation of driving under the influence (DUI) of alcohol or drugs, then, in the event he is subsequently convicted for a DUI violation within a certain proscribed timeframe, his previous acceptance of ARD will constitute a "prior offense" for sentencing purposes on the later offense.  In today's decision, however, the Majority declares Section 3806(a) facially unconstitutional because acceptance into an ARD program does not offer defendants certain procedural safeguards.  In my view, because a defendant *requests* acceptance into ARD and does so with the full knowledge that he is waiving procedural safeguards in favor of ARD, I would conclude that Section 3806(a) is not unconstitutional and otherwise does not contravene the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United*

*States*, 570 U.S. 99 (2013).  Alternatively, even if Section 3806 is in tension with *Apprendi* and *Alleyne*, unlike the Majority, I would not declare Section 3806 facially unconstitutional. Instead, like Justice Dougherty, I would conclude that a colloquy and waiver of certain constitutional safeguards as part of his acceptance into ARD—namely the right to a jury trial and for the Commonwealth to prove each and every element of the charged offense beyond a reasonable doubt—would be sufficient to address the constitutional deficiencies identified by the Majority and save the statute from a facial demise.  For these reasons, I respectfully dissent.

Since 1982, the General Assembly has mandated "the creation of a statewide ARD program with respect to drunk driving cases."  *Commonwealth v. Lutz*, 495 A.2d 928, 931 (Pa. 1985).  This Court has recognized that "[t]he impetus behind the creation of [the ARD] rules was the belief . . . that some cases which are relatively minor or which involve social or behavioral problems . . . can best be solved by programs and treatments rather than by punishment."  *Id.* (internal quotations omitted).  In exchange for accepting entry into the ARD program, a defendant has the opportunity to have the charges against him dismissed if he successfully completes the program.  *Id.*  While this Court has made clear that "acceptance into an ARD program does not constitute a conviction," we have recognized that there are some circumstances where the General Assembly chose "to equate ARD with a conviction."  *Whalen v. Dep't of Transp., Bureau of Driver Licensing*, 32 A.3d 677, 681 (Pa. 2011).  One such set of circumstances is implicated in the present case—*i.e.,* "for purposes of computing sentences on subsequent convictions."[1]  *Id.* (quoting Pa.R.Crim.P. 312, cmt.)

---

[1] The Majority finds it notable that the comment to Pa.R.Crim.P. 312 "was added before the high Court issued *Alleyne*, which called into question reliance on ARD in mandatory minimum sentencing schemes like Sections 3804 and 3806" of the Vehicle Code. (Majority Op. at 22 n.15.)  I, on the other hand, find it notable that the General Assembly has chosen not to alter its stance, as set forth in the comment, following the Supreme (continued…)

Although the General Assembly statutorily created ARD over 40 years ago and, since then, ARD has been a mandated, statewide program in this Commonwealth, the United States Supreme Court's (Supreme Court) pronouncements in *Apprendi* and *Alleyne* have muddled how our courts consider a defendant's previous acceptance of ARD for purposes of sentencing on a subsequent DUI offense. Briefly, in *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[,] and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In doing so, the Supreme Court recalled in its decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that "[b]oth the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that Almendarez-Torres did not challenge the accuracy of the 'fact' in his case mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range."[2] *Id.* at 488. Later, in *Alleyne*, the Supreme Court extended its rule, concluding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 103.

Turning to the facts of the case at hand, which the parties do not dispute, George Thomas Shifflett (Appellant) was charged in 2012 with DUI (2012 offense) under Section 3802(d)(3) of the Vehicle Code, 75 Pa. C.S. § 3802(d)(3). Later, in March 2022, Appellant was involved in another DUI incident (2022 offense). As to Appellant's 2022

Court decision in *Alleyne*, although the General Assembly has had the opportunity to do so.

[2]Particularly, in *Almendarez-Torres*, the question before the Supreme Court was whether a provision "authoriz[ing] a prison term of up to, but no more than, 20 years for 'any alien described' in subsection (a) of [8 U.S.C. § 1326], if the initial 'deportation was subsequent to a conviction for commission of an aggravated felony' . . . define[d] a separate crime or simply authorize[d] an enhanced penalty." *Almendarez-Torres*, 523 U.S. at 1222.

offense, based on his previous acceptance of ARD for his 2012 offense, he was charged with DUI as a second offense. Appellant pled generally to one count of DUI as to his 2022 offense. Notably, at the plea hearing, the Commonwealth maintained that "a prior ARD should count as a prior offense and that [it] would have the opportunity at sentencing [to] prove the prior ARD." (Reproduced Record (R.R.) at 43a.) Appellant, however, contested the Commonwealth's position based on *Alleyne*. Agreeing with Appellant, the Majority concludes that "a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in *Apprendi and Alleyne*" because "acceptance into an ARD program does not offer [him] any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in *Apprendi* and *Alleyne* was based." (Majority Op. at 23.) Yet, the Majority fails to recognize that the lack of certain constitutional safeguards is a direct result of a defendant's *request* to be accepted into ARD. To that end, I do not believe that Section 3806(a) of the Vehicle Code contravenes *Apprendi* and *Alleyne* insofar as a defendant who requests acceptance into ARD does so with the full knowledge that he is waiving certain constitutional safeguards, such as the right to a jury trial and for the Commonwealth to prove its case against him beyond a reasonable doubt, in favor of admittance into the ARD program. *See* U.S. Const. amends. VI, XIV.

As noted by Justice Dougherty in his dissenting opinion, defendants may waive their constitutional rights. (*See* Dissenting Op. at 7 (Dougherty, J. dissenting) (citing *Blakely v. Washington*, 542 U.S. 296, 310 (2004); *Peretz v. United States*, 501 U.S. 923, 936 (1991)).) "The waiver of a constitutional right must be an intentional relinquishment or abandonment of a known right or privilege." *Commonwealth v. Newman*, 285 A.2d 523, 526 (Pa. 1971) (internal quotations omitted). Particularly, defendants can waive their

constitutional rights by an on-the-record colloquy, by conduct, or by implication. *See Commonwealth v. Mallory*, 941 A.2d 686, 697 (Pa. 2008). Justice Dougherty also suggests that "it is possible for defendants to validly waive their rights under the *Apprendi* rule at the time they accept ARD" and, "[i]n fact, the [Office of Attorney General, (OAG)] advises 'a total of at least 19 Pennsylvania counties require such a waiver.'" (Dissenting Op. at 8 (Dougherty, J. dissenting (quoting OAG's Br. at 9).) Justice Dougherty, thus, concludes that, under those "regularly recurring circumstances," a defendant "knowingly, intelligently, and voluntarily waive[s his] rights under the *Apprendi* rule upon acceptance of ARD" and "there is no constitutional violation when the ARD[] [is] later treated as [a] prior offense[] under Section 3806" of the Vehicle Code. *Id.* While I agree with Justice Dougherty that a defendant can waive his rights under *Apprendi*, I write separately because, in my view, a defendant's *request* to be accepted into ARD alone constitutes a valid waiver of certain constitutional rights in favor of admittance into the ARD program, regardless of whether there is a separate written statement by a defendant memorializing his agreement to waive certain rights. On this point, I recognize that a waiver colloquy is a useful "procedural device; [however,] it is not a constitutional end or a constitutional 'right.'" *Mallory*, 941 A.2d at 697 (internal citation omitted). "Citizens can waive their fundamental rights in the absence of a colloquy; indeed, waivers can occur by conduct or by implication." *Id.* To demonstrate this point, I turn to the relevant facts of this case.

At the time of Appellant's first DUI in 2012, he was a first-time offender and, thus, eligible for consideration for the ARD program. *See* 75 Pa. C.S. § 3807(a). As Justice Mundy recognized in her Opinion in Support of Reversal (OISR) in *Commonwealth v. Verbeck*, 290 A.3d 260 (Pa. 2023), Appellant was "under no legal compulsion to accept ARD and, as such, enjoy[ed] the full panoply of constitutional rights attendant to a criminal prosecution." *Verbeck*, 290 A.3d at 270 (Mundy, J., OISR). In fact, Appellant does not

claim that he was compelled or that he otherwise unwillingly accepted entry into ARD. Put another way, Appellant could have chosen to exercise his right to a jury trial at which the Commonwealth would have bore the burden of proving each and every element of the 2012 DUI offense beyond a reasonable doubt. Instead, Appellant chose to proceed with ARD. Indeed, Appellant does not seem to contest that he did, in fact, accept ARD for the 2012 DUI offense. [3] Importantly, at that time, Section 3806(a) of the Vehicle Code provided, as it does today, that "the term 'prior offense' as used in this chapter shall mean . . . acceptance of [ARD] . . . on the present violation for . . . an offense under section 3802 (relating to [DUI] of alcohol or controlled substance)." 75 Pa. C.S. § 3806(a). Appellant, thus, "voluntarily accept[ed] that state of affairs as a necessary corollary to a benefit he presently receives by avoiding criminal penalties." *Verbeck*, 290 A.3d at 270.

Presumably, at the time of the proceedings relative to Appellant's 2012 offense, the lower court "ascertained on the record" that Appellant "underst[ood]," *inter alia*, "that . . . acceptance into and satisfactory completion of the [ARD] program offers the defendant an opportunity to earn a dismissal of the pending charges." Pa.R.Crim.P. 312. Further, a judge could not consider whether Appellant's case warranted ARD until after he, "with the advice and agreement of [his] attorney, indicate[d] understanding of the[] [ARD] proceedings, *request[ed] acceptance into the program*, and agree[d] to the terms set forth in Rule 312." Pa.R.Crim.P. 313(A)(emphasis added); *see also* Pa.R.Crim.P. 313(C). Appellant's understanding, acceptance, and agreement regarding the ARD program were all placed on the record. *See* Pa.R.Crim.P. 313 (A).

---

[3] While I recognize that a defendant may later contest his previous acceptance of ARD on the basis that, for example, he was compelled by the district attorney to do so, I do not believe that such a scenario is plausible, and, thus, I do not consider such circumstances for purposes of my discussion.

Given the foregoing, I would conclude that Appellant voluntarily relinquished certain procedural safeguards by accepting ARD for his 2012 offense in favor of the ARD disposition, which is governed by the ARD statute and accompanying Pennsylvania Rules of Criminal Procedure (Rules). *See* 75 Pa. C.S. § 3807; Pa.R.Crim.P. Ch.3. Regarding the offense of DUI, this Court has stated that "[i]n the face of the rather simple realities associated with drunk driving—that terrible costs in human life, injury[,] and potential are exacted for no reason except the transitory pleasure of the drunk—it would be folly to encourage those who consume alcohol to believe that if they are caught driving while intoxicated, society will take a light view of it." *Lutz*, 495 A.2d at 936; *see also Birchfield v. North Dakota*, 579 U.S. 438, 465 (2016) ("States are not solely concerned with neutralizing the threat posed by a drunk driver who has already gotten behind the wheel. They also have a compelling interest in creating effective 'deterrent[s] to drunken driving' so such individuals make responsible decisions and do not become a threat to others in the first place." (quoting *Mackey v. Montrym*, 443 U.S. 1, 18 (1979))). The ARD quid pro quo is a compassionate first-time diversion for a heightened penalty for a DUI conviction in the next 10 years. *See* 75 Pa. C.S. § 3806(b)(1)(i). In allowing Appellant to succeed on his claim before this Court, the Majority disturbs the carefully crafted balance between compassion and public safety. In my view, that cannot conceivably be what the General Assembly intended when it created the ARD program all those years ago, the primary purpose of which "is the rehabilitation of the offender." Pa.R.Crim.P. Ch. 3, Explanatory Cmt.

Like Justice Dougherty, I question the continuing practicality of district attorneys' offering of ARD in the first instance in light of the Majority's decision. (*See* Dissenting Op. at 9-10, Dougherty, J.); *see also Lutz*, 495 A.2d at 935 (noting that consideration of district attorney in submitting case for ARD includes, *inter alia*, "protection of society" and "what

is most beneficial for society"). Indeed, I believe that the Majority's decision may potentially lead to the total evisceration of the statutorily created ARD program in the name of ensuring that defendants are afforded certain constitutional safeguards that they otherwise knowingly and voluntarily *chose* to waive. In sum, I would conclude that a defendant who requests acceptance into ARD validly waives constitutional procedural safeguards in favor of ARD and, therefore, Section 3806(a) of the Vehicle Code is not unconstitutional insofar as it provides that the defendant's prior acceptance of ARD will constitute a "prior offense" for sentencing purposes in the event of a subsequent DUI conviction. Such a conclusion, in my view, does not contravene *Apprendi* or *Alleyne* because a defendant who *requests* acceptance into ARD validly waives the constitutional safeguards considered by the Supreme Court in those cases.[4] To hold otherwise, I believe, will likely place ARD out of reach for the majority of first-time offenders who have a strong likelihood of rehabilitation and are not likely to reoffend. Indeed, the only individuals who serve to benefit from the Majority's decision today are offenders who, at their request, were given a second chance with a clean slate but find themselves again charged with driving under the influence of alcohol or drugs.

Alternatively, even assuming Section 3806 of the Vehicle Code is in tension with *Apprendi* and *Alleyne*, the Majority's pronouncement that Section 3806 is facially unconstitutional seems to be driven by a perceived inadequacy of the statute *and* our Rules. Specifically, the Majority suggests that, because the Rules do not require that a defendant be notified that by requesting acceptance into ARD he is also waiving certain procedural safeguards, such as the right to a jury trial and for the Commonwealth to prove

---

[4] This is not to say, however, that the Commonwealth is absolved of its burden of "establishing the existence of the prior ARD acceptance via certified records or by whatever other means of proof the Commonwealth wishes to use." *Verbeck*, 290 A.3d at 276 (Mundy, J., OISR).

each and every element of the charged offense against him, Section 3806 is facially unconstitutional.  (*See* Majority Op. at 22 (stating that "the *rules* pertaining to ARD proceedings do not require that the defendant be informed that his acceptance into the ARD program may serve as a basis for future sentence enhancement, or, more importantly, that his acceptance of ARD will act as a waiver of the constitutional protections afforded by *Apprendi* and *Alleyne*" (emphasis added)); *id.* at 23 (noting that "there is no provision in the *ARD rules* that serves to confirm that a defendant's waiver of his constitutional rights is knowing, intelligent, and voluntary" (emphasis added)).)  In this regard, the Majority views the statute and our Rules as operating in tandem.  If only our Rules provided the necessary constitutional safeguards, the Majority's reasoning goes, the statute could be salvaged.

Rule 312(2), enacted in 1972, serves as an example where this Court layered procedural due process protections over the ARD statutory scheme.  It provides that, at a hearing on a motion for ARD,

> it shall be ascertained on the record whether the defendant understands that . . . should the defendant fail to complete the program, the defendant *waives* the appropriate statute of limitations and the defendant's *right to speedy trial* under any applicable Federal or State constitutional provisions, statutes or rules of court during the period of enrollment in the program.[5]

Pa.R.Crim.P. 312(2) (emphasis added).  Rule 312 is a recognition by this Court that a defendant *can* waive constitutional due process protections as a condition to entering ARD so long as the defendant is colloquied regarding the defendant's waiver of those rights.  Here, however, the Majority eschews our ability to remedy the very constitutional due process deficiency they identify by simply requiring an augmented colloquy, choosing

---

[5] Rule 312 of the Rules became effective on May 24, 1972, and was last amended on April 10, 1989, prior to the high Court's decisions in *Apprendi* and *Alleyne*.

instead to strike the statute as facially unconstitutional. I, respectfully, disagree with such an approach.

Instead, like Justice Dougherty, I believe the statute can and should survive the facial constitutional challenge in this case. Assuming, *arguendo*, a constitutional violation occurred, it occurred here only because there is no evidence that Appellant was colloquied specifically about how his acceptance into ARD could be considered a "prior offense" under Section 3806(a) of the Vehicle Code and that, as a result, by requesting and accepting admission into ARD he waives certain procedural safeguards, including the right to a jury trial on the pending charge and for the Commonwealth to prove each and every element of the pending charge beyond a reasonable doubt. Appellant, therefore, would be entitled to relief on his constitutional challenge to the statute, but only as applied to him (and potentially others similarly situated). In addition to such a ruling— which would provide prospective guidance to our criminal courts, prosecutors, the criminal defense bar, and the public—I would direct the Rules Committee to amend the Rules in a manner consistent with such a decision. For these reasons, I respectfully dissent.