J-A20032-23

2023 PA Super 207

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN JORDAN JENKINS | : | |
| | : | |
| Appellant | : | No. 1665 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 18, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001044-2021

BEFORE:  PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED: OCTOBER 19, 2023**

Appellant Benjamin Jordan Jenkins appeals from the judgment of sentence entered by the Court of Common Pleas of Adams County after the trial court convicted Appellant of Driving Under the Influence of a Controlled Substance (DUI). Appellant claims that the trial court erred in removing Appellant from the Accelerated Rehabilitative Disposition Program (ARD). After careful review, we affirm.

The trial court summarized the relevant factual background and procedural history of this case as follows:

> On May 16, 2021, an incident occurred which resulted in this case of driving under the influence of a controlled substance as an ungraded misdemeanor and first offense.
>
> On July 31, 2021, Appellant was operating a motor vehicle which was stopped by the Pennsylvania State Police. Appellant was again arrested for driving under the influence of a controlled substance and was taken to the hospital where blood was drawn

---

[*] Former Justice specially assigned to the Superior Court.

with Appellant's consent. That blood sample was then sent to NMS Laboratories for analysis. Charges were not immediately filed, pending the lab results.

On August 17, 2021, Appellant waived his preliminary hearing in this case.

On September 24, 2021, at formal arraignment in this case, Appellant applied for and was admitted to the ARD-DUI Program for a term of 9 months. At that time, the [trial court] was not made aware of, and the Commonwealth did not know about, Appellant's arrest on July 31, 2021 for a second offense DUI. Neither Appellant nor Counsel disclosed that arrest to the [trial court] during Appellant's admission into the ARD-DUI Program in this case.

On March 22, 2022, while Appellant was on ARD in this case[,] a criminal complaint was filed by the Pennsylvania State Police against Appellant setting forth charges for a second offense DUI based on the July 31, 2021 incident.

On April 7, 2022, the Commonwealth promptly moved to revoke Appellant from the ARD Program in this case on the basis of the newly filed criminal complaint for the previously undisclosed DUI arrest occurring shortly before Appellant's application to and admission into the ARD Program.

An ARD review hearing was scheduled for April 28, 2022. At Defense Counsel's request[,] the ARD review hearing was continued to May 26, 2022.

On May 26, 2022, at an ARD review hearing on the record, Defense Counsel was given an opportunity to be heard. Defense Counsel referenced his email exchange to [the trial court that] essentially acknowledged the timeline set forth above. At the ARD review hearing, Appellant did not argue or contest that while in the ARD-DUI Program[,] he was charged with a second DUI offense for the incident that occurred on July 31, 2021, which offense was before Appellant was admitted to ARD in this case.

Trial Court Opinion (T.C.O.), 1/4/23, at 2-3.

At the conclusion of the review hearing, the trial court entered an order

terminating Appellant's participation in ARD as a result of the new DUI charges

filed against Appellant after he had been admitted to ARD on the instant charges. Although it was undisputed that the new charges were based on Appellant's second DUI arrest that occurred before Appellant's application for ARD on the instant charges, the trial court emphasized that Appellant's failure to disclose his second DUI arrest and the possibility that he would be charged with a second DUI, made Appellant unsuitable for ARD.

Appellant proceeded to a bench trial conducted on November 18, 2022 at which the trial court convicted Appellant of DUI – controlled substance pursuant to 75 Pa.C.S.A. § 3802(d)(1)(i) as an ungraded misdemeanor. The same day, the trial court sentenced Appellant to six months' probation with restrictive DUI conditions (ten days' house arrest). Appellant filed a timely appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

Appellant raises one issue for our review on appeal:

> Did the lower court err in granting the Commonwealth's Motion to Revoke ARD based on new charges filed after ARD began for an incident involving a DUI arrest occurring before ARD began?

Appellant's Brief, at 4.

Our standard of review is as follows: "[t]ermination of ARD participation is charged to the sound discretion of the trial court. On appeal we will only reverse an ARD termination where the court abused its discretion or committed an error of law." *Commonwealth v. Lebo*, 713 A.2d 1158, 1161 (Pa.Super. 1998) (citations omitted).

ARD is a pretrial diversionary program that "suspends formal criminal proceedings before conviction and provides the accused with certain rehabilitative conditions, the completion of which results in the dismissal of the pending criminal charges and a clean record for the defendant." *J.F. v. Dep't of Hum. Servs.*, 245 A.3d 658, 661–62 (Pa. 2021) (citing Pa.R.Crim.P. 314-319). ARD was established to promptly resolve "relatively minor cases involving social or behavioral problems which can best be solved by programs and treatments rather than by punishment." *Commonwealth v. Armstrong*, 434 A.2d 1205, 1208 (Pa. 1981) (citation and internal quotation marks omitted). "[T]he procedural rules governing the ARD program contemplate that ordinarily the defendants eligible for the ARD program are first offenders who lend themselves to treatment and rehabilitation rather than punishment and that the crime charged is relatively minor and does not involve a serious breach of the public trust." *Commonwealth v. Verbeck*, 290 A.3d 260, 265 (Pa. 2023) (citing Pa.R.Crim.P. Ch. 3, Explanatory Cmt.).

Our courts have emphasized that "[a]dmission to an ARD program is not a matter of right, but a privilege." *Commonwealth v. Jagodzinski*, 739 A.2d 173, 175 (Pa.Super. 1999) (quoting *Commonwealth v. Lutz*, 495 A.2d 928, 933 (Pa. 1985)). In *Lutz*, the Supreme Court held that the district attorney has "the sole discretion in any criminal case, including drunk driving cases, to move for the admission of a defendant into ARD." *Lutz*, 495 A.2d at 932. *See also Armstrong*, 434 A.2d at 1208 (noting that "[o]ur rules give

- 4 -

district attorneys broad discretion to select which crimes and which individuals qualify for diversion into ARD")). The Supreme Court has acknowledged that:

> [o]ur restrictive approach to admission to ARD programs is intentional and purposeful, for it ensures that no criminal defendant will be admitted to ARD unless the party to the case who represents the interests of the Commonwealth, the district attorney, has made the determination that a particular case is best handled by suspending the prosecution pending the successful completion of a diversionary ARD program. Society has no interest in blindly maximizing the number of ARD's passing through the criminal justice system, and the criminal defendant has no right to demand that he be placed on ARD merely because any particular offense is his first. Rather, society, for its own protection, has an interest in carrying out the penalties prescribed by the legislature for drunk driving, except in the cases where even society's representative in the case, the district attorney, acting in conjunction with the court … determines that ARD is preferable to conviction because of the strong likelihood that a given criminal defendant will in fact be rehabilitated by an ARD program.

*Lutz*, 495 A.2d at 933. As such, this Court has specifically held that "[s]ince the judgment about who can benefit from ARD is subjective, and since society may be seriously damaged by a wrong judgment, the district attorney is not to be faulted if he errs on the side of caution." ***Commonwealth v. Stranges***, 579 A.2d 930, 932 (Pa.Super. 1990).

Further, our Supreme Court has highlighted the seriousness of the crime of drunk driving and its threat to society, rejecting any suggestion that lenient treatment of drunk drivers is warranted due to the fact that such a crime does not require criminal intent. *Lutz*, 495 A.2d at 936. In addition to the fact that such a view conflicts with "clear legislative mandate," the Supreme Court asserted that:

the essence of the seriousness of the crime of drunk driving is that it is a life-threatening act. The fact that the drunk's state of mind may technically be described as grossly negligent or grossly reckless, not "driving with the intent to kill," does not negate the fact that as a result of his recklessness, innocent people and the drunk himself may be and often are injured or killed. In the face of the rather simple realities associated with drunk driving-that terrible costs in human life, injury and potential are exacted for no reason except the transitory pleasure of the drunk-it would be folly to encourage those who consume alcohol to believe that if they are caught driving while intoxicated, society will take a light view of it.

*Id*.

Our rules of criminal procedure provide that the Commonwealth may make a motion for the removal of a defendant from ARD upon the violation of a condition of the program. Pa.R.Crim.P. 318(a). In determining whether ARD participation should be terminated, the trial court must provide the defendant with an opportunity to be heard. Pa.R.Crim.P. 318(c). "If the judge finds that the defendant has committed a violation of a condition of the program, the judge may order, when appropriate, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law." Pa.R.Crim.P. 318(c).

In this case, after a review hearing, the trial court terminated Appellant's participation in ARD based on the new charges filed against Appellant while he was on ARD. As noted above, it is undisputed that neither the trial court nor the Commonwealth was aware that Appellant had been arrested for a second DUI when he applied for ARD in connection with the instant charges. Due to a delay that was in part attributed to the need to send Appellant's

blood for laboratory testing, Appellant was not charged with the second DUI offense until after he had been admitted to the ARD-DUI program.

Appellant claims the trial court abused its discretion in removing him from the ARD program based on these new charges as his ARD application only required him to report pending *charges* against him and did not require him to disclose that he had been arrested for a second DUI for which the Commonwealth had not yet filed formal charges. Appellant alleges that he is not responsible for the Commonwealth's delay in filing the criminal complaint for his second DUI offense.

The trial court concluded that its removal of Appellant from the ARD program was a proper exercise of its discretion as Appellant's failure to disclose his second DUI arrest carried an "element of deception by omission which if allowed to stand would defeat the spirit and purpose of the ARD program." T.C.O. at 5. The trial court asserted that it would have summarily denied the application for Appellant's admission into the ARD-DUI program had it known that Appellant had been arrested a second time for DUI.

In similar circumstances, this Court has expressly held that a defendant "should not be permitted to benefit from the concealment of his arrests" when applying for ARD. *Commonwealth v. Jones*, 650 A.2d 60, 64 (Pa.Super. 1994). In *Jones*, the trial court terminated Jones's participation in ARD based on the fact that he failed to disclose in his criminal history statement that he had been previously arrested in 1983 for indecent exposure, been previously charged with simple assault in 1991, and arrested and charged with

involuntary deviate sexual intercourse while in the ARD program in 1992. The trial court noted that, had Jones been truthful when filling out the form, he would not have been accepted into ARD. Accordingly, this Court held that it was not an abuse of discretion to remove Appellant from the ARD program based on the fact that he "deliberately withheld" information concerning his prior *arrests*.

In **Commonwealth v. Boos**, 620 A.2d 485 (Pa. 1993), the Supreme Court held that trial court did not abuse its discretion in terminating Boos's participation in ARD when he failed to disclose two prior DUI convictions that made him ineligible for ARD. The Supreme Court noted the trial court's rationale in finding that Boos should not be permitted to benefit from ARD when concealing his prior convictions:

> [w]e believe that the defendant had a duty to come forward and affirmatively make it known, prior to the time he was placed on the ARD program, of the existence of prior offenses, particularly since he had been made known and made aware by letter from the District Attorney's office that the program was only open to first time offenders. It is not the duty of the Commonwealth to go on a hunting expedition on these matters. There is an equal or greater responsibility on the defendant, who is in a position to know, to come forward and make known his prior offenses. In fact, we find the failure to make this known to the District Attorney is a clear indication of the sense of irresponsibility which might otherwise make him unqualified for the ARD program anyway and, therefore, we enter an order terminating him from the program and listing the matter for trial.

*Boos*, 620 A.2d at 487.

We agree that Appellant was properly removed from the ARD program when Appellant was charged with DUI in connection with his previous July 31,

2021 arrest that Appellant failed to disclose in applying for ARD for the instant charges. Upon his application for the ARD program, Appellant filed out a written application agreement that contained the following language:

> No prior convictions or ARD or Pending Criminal Charges: In consideration for my admission to the ARD program, I hereby affirm and acknowledge that I have not been convicted of a misdemeanor or felony criminal offense in the State of Pennsylvania or in any other state or federal jurisdiction; that I have never been placed on the Accelerated Rehabilitative Disposition Program in this or any other jurisdiction; that I have not previously been admitted to a pre-disposition program similar to ARD in this or in any other state; that I have not been convicted of Driving Under the Influence within the last ten years from date of this offense in Pennsylvania or in another state and that I do not have any pending misdemeanor or felony charges pending in the State of Pennsylvania or in any other state or federal jurisdiction. I understand that should this information be incorrect, that I may be removed from the ARD Program, and further, that I may be prosecuted subject to the provisions of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

Accelerated Rehabilitative Disposition Program: DUI Application Agreement, Motion, and Order, 9/28/21, at 2-3.

In this application, Appellant was put on notice that he could not have any pending criminal charges in applying for and while participating in ARD. Appellant should not be able to benefit from his failure to disclose to the Commonwealth or the trial court in his ARD application the fact that he had a second DUI arrest simply due to the delay in formal charges being filed.

We agree with the trial court's suggestion that excusing a defendant's failure to disclose prior arrests in an ARD application would "violate the spirit and intent of the ARD program" which was designed for first-time offenders

who show a likelihood to succeed in rehabilitation after a relatively minor charge that does not involve a serious breach of the public trust. **Verbeck**, **supra**. Appellant was in the best position to report his offense, which was clearly relevant to the prosecutor's decision on whether to recommend Appellant for ARD and the trial court's evaluation on whether to accept the ARD recommendation. The trial court emphasized that it would have summarily denied the application for Appellant's admission to ARD had it known of the second arrest.

It would be unfair to allow Appellant to deliberately withhold information about his arrest and place the responsibility on the prosecution to uncover Appellant's relevant criminal history before evaluating whether to recommend him for ARD. Prosecutors would be less inclined to recommend defendants for ARD in the early stages of criminal proceedings if they were unsure whether they had an accurate account of a defendant's relevant criminal history when they could not yet confirm if the defendant had withheld information of prior arrests where formal charges had not yet been filed.

We are not persuaded by Appellant's reliance on **Commonwealth v. Simmons**, 262 A.3d 512 (Pa.Super. 2021) to argue that a trial court may not terminate a defendant's participation in ARD as a result of new charges arising from conduct committed before he is accepted into ARD. In **Simmons**, the defendant was sentenced to 6-23 months' imprisonment followed by three years' probation. After Simmons was released on parole but before his probationary tail commenced, Simmons was charged with drug and firearms

offenses. The trial court revoked both parole and probation and resentenced Simmons to 2½ - 5 years' imprisonment.

On appeal, this Court held that while the trial court properly revoked Simmons' parole, the trial court erred in anticipatorily revoking Simmons' probation before his probationary period had begun. This Court cited to the language in 42 Pa.C.S.A. § 9771, which provides that a trial court may only "revoke an order of probation upon proof of the violation of specified conditions of the probation." This Court held that a defendant's probationary sentence, if imposed consecutively after a term of imprisonment, does not begin until the prior sentence has been served. *Simmons*, 262 A.3d at 525. As such, this Court found that Simmons could not have violated his probation as he was still serving parole at the time in question and had not yet begun serving the probationary tail of his sentence. *Id*.

Appellant's argument is unconvincing as ARD is not sufficiently analogous to probation. As emphasized above, ARD is a pretrial diversionary program that gives a first-time offender a chance to avoid prosecution if he successfully completes certain rehabilitative conditions. ARD is a privilege, not a right, for those individuals who are recommended for and accepted into the program.

In comparison with probation, ARD applicants are not bound by an admission or finding of guilt, have not been convicted of a crime, nor are they subject to any sentence. When ARD participation is terminated or a defendant simply withdraws from participation, a defendant does not face punishment

or any other consequence other than removal from the voluntary program after which the prosecution proceeds "on the charges as provided by law." Pa.R.Crim.P. 318(c). ARD has simply suspended the criminal proceedings, which may be reactivated upon the defendant's withdrawal or removal from the program.

In this case, the fact that Appellant had been arrested for DUI on two occasions in a three-month period and subsequently failed to disclose the second arrest to the Commonwealth in applying for ARD supports the trial court's decision that Appellant was unsuitable for ARD upon his application to the program. Despite having notice that he was not permitted to have pending criminal charges in applying for and while participating in ARD, Appellant deliberately withheld information concerning his second DUI arrest from the prosecution and trial court in applying for ARD. The trial court did not abuse its discretion in terminating Appellant's participation in the program after new charges relating to Appellant's second DUI arrest were filed while Appellant was on ARD for the instant charges.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/19/2023