**[J-17-2025]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 36 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 1665 MDA |
| | : | 2022, entered on October 19, 2023, |
| v. | : | Affirming the Judgment of Sentence |
| | : | of the Adams County Court of |
| | : | Common Pleas, Criminal Division, |
| BENJAMIN JORDAN JENKINS, | : | at No. CP-01-CR-0001044-2021, |
| | : | entered on November 18, 2022 |
| Appellant | : | |
| | : | ARGUED: April 8, 2025 |

## OPINION

**CHIEF JUSTICE TODD**                    **DECIDED: October 23, 2025**

In this discretionary appeal, we consider whether the trial court erred in revoking Appellant Benjamin Jordan Jenkins' participation in an Accelerated Rehabilitative Disposition ("ARD") program on the sole basis that he failed to disclose on his ARD application that he had a prior arrest for suspicion of driving under the influence of a controlled substance ("DUI"),[1] for which he had not yet been charged, despite the fact

---

[1] 75 Pa.C.S. § 3802. Relevant herein, Section 3802 provides:

> (d) **Controlled substances.**-- An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

>> (1) There is in the individual's blood any amount of a:

(continued…)

that the ARD application did not inquire about uncharged arrests. For the reasons that follow, we hold that the trial court erred in revoking Appellant's participation in the ARD program, and, accordingly, we reverse the decision of the Superior Court which affirmed the trial court's order of revocation.

On May 16, 2021, Appellant was arrested on suspicion of DUI (hereinafter, "First DUI"), and, thereafter, was charged with DUI,[2] possession of marijuana,[3] and possession of drug paraphernalia.[4] On July 31, 2021, Appellant again was arrested on suspicion of DUI (hereinafter, "Second DUI"). Notably, Appellant was not charged on his Second DUI until March 22, 2022.

In the interim, on September 24, 2021, Appellant applied for admission into Adams County's ARD program for his First DUI by completing a document titled "Accelerated Rehabilitative Disposition Program: DUI Application, Agreement, Motion and Order" (hereinafter, "ARD Application"). The ARD Application contained, *inter alia*, the following language:

> I, the defendant above named, hereby apply for admission into the Accelerated Rehabilitative Disposition

---

(i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act;

\* \* \*

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(1)(i), (d)(2) (footnote omitted).

[2] *Id.* § 3802(d)(1)(i), (d)(1)(iii), (d)(2).

[3] 35 Pa.C.S. § 780-113(a)(31)(i).

[4] *Id.* § 780-113(a)(32).

Program, hereinafter called the ARD Program, and hereby represent and agree as follows:

**1. Speedy trial and related rights:** . . .

a) if I violate conditions of the ARD Program, the court may remove me from the ARD Program and place my case back on the trial list.

\* \* \*

**8. No prior Convictions or ARD or Pending Criminal Charges:** In consideration for my admission to the ARD Program, I hereby affirm and acknowledge that I have not been convicted of a misdemeanor or felony criminal offense in the State of Pennsylvania or in any other state or federal jurisdiction; that I have never been placed on the Accelerated Rehabilitative Disposition Program in this or any other jurisdiction; that I have not previously been admitted to a pre-disposition program similar to ARD in this or in any other state; that I have not been convicted of Driving Under the Influence or similar statute in Pennsylvania or another state or placed on the ARD program for Driving Under the Influence within the last ten years from date of this offense in Pennsylvania or in another state and that *I do not have any pending misdemeanor or felony criminal charges pending in the State of Pennsylvania or in any other state or federal jurisdiction.* I understand that should this information be incorrect, that I may be removed from the ARD Program and, further, that I may be prosecuted subject to the provisions of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

ARD Application, 9/24/21, at 1-2 (emphasis added). The trial court accepted Appellant into the ARD program.

On April 8, 2022, upon learning that Appellant had been charged with a Second DUI offense on March 22, 2022, the Commonwealth filed a motion to revoke Appellant's participation in the ARD program on the ground that he violated the terms and conditions

of the ARD program, specifically, "Rule #1," of the Adams County Rules of Criminal Procedure, which provided: "You must not commit any violation of the law." Adams Cty. R.Crim.P. 705.1(D)(1) (2021). At a hearing on the Commonwealth's motion, Appellant argued there was no basis upon which to revoke his participation in the ARD program because it was not a violation of the law or the terms of the ARD program to receive a new charge for conduct which preceded the commencement of ARD. He further maintained that Rule 705.1(D)(1) did not become applicable to him until he was admitted to the ARD program. Finally, Appellant insisted that he truthfully answered all of the questions on his ARD Application, as he did not have any pending criminal charges at the time he completed the application.

On May 26, 2022, the trial court revoked Appellant's participation in the ARD program, noting there was no dispute that he "received new charges while on ARD from an incident occurring shortly before his application or admission into ARD." Trial Court Order, 5/26/22, at 1.[5] Appellant filed a motion for reconsideration, which the trial court denied. Thereafter, on November 18, 2022, Appellant was convicted at a bench trial of his First DUI, and was sentenced to ten days of house arrest, and six months probation, with restrictive DUI conditions.

Appellant appealed his judgment of sentence to the Superior Court, and the trial court, in its Pa.R.A.P. 1925(a) opinion, acknowledged there was no overt misrepresentation in Appellant's ARD Application by Appellant or his counsel regarding whether Appellant had pending criminal charges at the time he completed the ARD

---

[5] Appellant notes that, while trial court initially indicated that it was revoking his participation in the ARD program because he received new charges while he was in the program, following his appeal to the Superior Court, both the trial court and the Commonwealth "changed the reason to deception by omission," claiming that allowing him to remain in the ARD program would "violate the spirit and purpose of ARD." Appellant's Brief at 20 (quoting Trial Court Opinion, 1/4/23, at 5).

Application. Nevertheless, the trial court opined that there was "an element of deception by omission which if allowed to stand would defeat the spirit and purpose of the ARD program." Trial Court Opinion, 1/4/23, at 5. The trial court added that, had it known of Appellant's Second DUI arrest, it would have denied Appellant's application for ARD with respect to his First DUI.

Ultimately, the Superior Court affirmed Appellant's judgment of sentence in a unanimous published opinion. *Commonwealth v. Jenkins*, 305 A.3d 50 (Pa. Super. 2023). The court noted that participation in an ARD program is a privilege, and a defendant's removal from the program is within the sound discretion of the trial court. The court then observed that, "[i]n similar circumstances, [the Superior Court] has expressly held that a defendant 'should not be permitted to benefit from the concealment of his arrests' when applying for ARD." *Id.* at 54 (quoting *Commonwealth v. Jones*, 650 A.2d 60, 64 (Pa. Super. 1994)).

In *Jones*, the defendant, after being arrested for DUI, completed an ARD application and was accepted into the program. However, Jones failed to disclose in his Criminal History Statement that he had been charged with simple assault two months earlier, and that he had been arrested on charges of indecent exposure nearly ten years earlier. After Jones completed the ARD program, the Commonwealth discovered not only the omissions, but the fact Jones failed to disclose to his probation officer that he was arrested and charged with involuntary deviate sexual intercourse while participating in the ARD program, and it sought to remove him from the program and have the original charges reinstated. The trial court did so.

On appeal to the Superior Court, Jones argued that his removal from the ARD program and the reinstatement of the original charges against him after he had completed the requirements of the program violated his constitutional right against double jeopardy.

The Superior Court rejected Jones' argument, reasoning that Jones concealed information of his prior convictions, and that "his admission into A.R.D. was an inadvertence on the part of the district attorney's office. Had Appellant been truthful when filling out the form, he would not have been accepted into the A.R.D. program." *Jones*, 650 A.2d at 64. Thus, the court concluded that the trial court's removal of Jones from the ARD program was not an abuse of discretion.

In the instant case, the Superior Court also relied on this Court's decision in *Commonwealth v. Boos*, 620 A.2d 485 (Pa. 1993). In *Boos*, the defendant was accepted into an ARD program before his criminal evaluation was complete. At the time Boos was admitted into the program, he was informed that his admission was conditional, and would be revoked if his criminal evaluation ultimately revealed either a prior DUI conviction or participation in an ARD program within the previous seven years. *See* 75 Pa.C.S. § 3731(d)(1) (repealed Sept. 30, 2003). When Boos' criminal evaluation revealed that he had two prior DUI convictions, the Commonwealth filed a petition to terminate his participation in the ARD program, and the trial court granted the petition. Upon Boos' motion for reconsideration, however, the trial court reinstated him into the program.

The Commonwealth filed an appeal, which the Superior Court quashed as interlocutory. This Court reversed the Superior Court's order and reinstated the trial court's original order revoking Boos' participation in the ARD program and listing the matter for trial. In so doing, we explained that Boos "did not qualify for ARD because of his prior convictions," and that "[h]e knew that he did not qualify but attempted, nevertheless, to benefit from the program by concealing his prior convictions." *Boos*, 620 A.2d at 488.

In affirming the trial court's decision to revoke Appellant's participation in the ARD program in the case *sub judice*, the Superior Court reasoned:

Appellant was put on notice that he could not have any pending criminal charges in applying for and while participating in ARD. Appellant should not be able to benefit from his failure to disclose to the Commonwealth or the trial court in his ARD application the fact that he had a second DUI arrest simply due to the delay in formal charges being filed.

We agree with the trial court's suggestion that excusing a defendant's failure to disclose prior arrests in an ARD application would "violate the spirit and intent of the ARD program" which was designed for first-time offenders who show a likelihood to succeed in rehabilitation after a relatively minor charge that does not involve a serious breach of the public trust. . . . Appellant was in the best position to report his offense, which was clearly relevant to the prosecutor's decision on whether to recommend Appellant for ARD and the trial court's evaluation on whether to accept the ARD recommendation. The trial court emphasized that it would have summarily denied the application for Appellant's admission to ARD had it known of the second arrest.

It would be unfair to allow Appellant to deliberately withhold information about his arrest and place the responsibility on the prosecution to uncover Appellant's relevant criminal history before evaluating whether to recommend him for ARD. Prosecutors would be less inclined to recommend defendants for ARD in the early stages of criminal proceedings if they were unsure whether they had an accurate account of a defendant's relevant criminal history when they could not yet confirm if the defendant had withheld information of prior arrests where formal charges had not yet been filed.

*Jenkins*, 305 A.3d at 55.

Finally, the Superior Court rejected Appellant's argument that revocation of his participation in the ARD program based on uncharged conduct committed before he was accepted into the program was improper under the Superior Court's decision in *Commonwealth v. Simmons*, 262 A.3d 512 (Pa. Super. 2021). In *Simmons*, the defendant pled guilty to firearms violations, and was sentenced to 6 to 23 months imprisonment, followed by 3 years probation. After being released on parole, but before the probationary period of his sentence commenced, Simmons committed additional

offenses, and the trial court subsequently revoked both his parole and probation. On appeal, the Superior Court held that the trial court erred in anticipatorily revoking Simmons' probation based on his commission of new offenses, as he could not have violated the terms of his probation since the probationary period of his sentence had not yet begun. Herein, the Superior Court found Appellant's reliance on *Simmons* "unconvincing as ARD is not sufficiently analogous to probation." *Jenkins*, 305 A.3d at 56.

We granted Appellant's petition for allowance of appeal to determine whether, under the rules of ARD, an individual's participation in an ARD program may be revoked "in order to promote the spirit of the program," when a defendant truthfully responds to all questions on the ARD application, and does not violate a condition of ARD while participating in the program. *See Commonwealth v. Jenkins*, 318 A.3d 757 (Pa. filed May 21, 2024) (order). This is a question of law, over which our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Smith*, 221 A.3d 631, 636 (Pa. 2019).

Preliminarily, ARD is a pretrial diversionary program in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed-upon period of time, in exchange for the defendant's successful participation in a rehabilitation program, the requirements of which are determined by the applicable statutes and the court. *Commonwealth v. Lutz*, 495 A.2d 928 (Pa. 1985). Specifically, under 75 Pa.C.S. § 3807, defendants charged with DUI offenses "may be considered by the attorney for the Commonwealth for participation in an [ARD] program in a county if the program includes the minimum requirements contained in this section." *Id.* § 3807(a)(1). An individual is not eligible for ARD if he "has been found guilty of or accepted [ARD]" of a DUI charge within 10 years of the date of the current offense, unless the charge was for an ungraded

misdemeanor and was the defendant's first offense under Section 3802; if the events surrounding the current offense resulted in an accident in which an individual other than the defendant was killed or suffered serious bodily injury; or if the defendant was operating a vehicle in which there was a passenger under the age of 14. *Id.* § 3807(a)(2)(i)-(iii).

In addition to specific conditions that may be imposed by the court, a defendant who is offered ARD is subject to the requirements set forth in Section 3807(b), which include: attendance and successful completion of an alcohol safety school; an evaluation to determine the extent of the defendant's involvement with alcohol or other drugs and to assist the court in determining what conditions of ARD would benefit the defendant and the public, such as counseling or treatment; participation and cooperation with a licensed alcohol or drug addiction treatment program, if the defendant is assessed to be in need of treatment; supervision by the court for at least 6 to 12 months; payment of restitution to any person who incurred financial loss as a result of the defendant's actions; and payment of certain costs and fees. *Id.* § 3807(b)(1)(i)-(ix). A defendant's operating privileges also may be suspended. *Id.* § 3807(d)(2)-(4).

Section 3807 likewise provides that a defendant "who fails to complete any of the conditions of participation contained in [Section 3807] shall be deemed to have unsuccessfully participated in an Accelerated Rehabilitative Disposition program, and the criminal record underlying participation in the program shall not be expunged." *Id.* § 3807(e)(1). Further, pursuant to Section 3807(e)(2), the court shall direct the Commonwealth's attorney to proceed on the charges if the defendant: "fails to meet any of the requirements of [Section 3807];" is "charged with or commits an offense under [Title 18];" or "violates any other condition imposed by the court." *Id.* § 3807(e)(2)(i)-(iii).[6]

---

[6] This Court also has promulgated criminal rules of procedure related to ARD which are consistent with the statutory provisions. For example, pursuant to Rule 319, if a defendant "complete[s] satisfactorily the program prescribed and complied with its conditions, the (continued…)

We now turn to the arguments of the parties. Appellant contends that, if a defendant participating in an ARD program neither violates a condition of the ARD program, nor an applicable condition of probation, there is no basis to revoke his participation in the program. Along these lines, and as noted previously, Appellant underscores that the trial court changed its reason for revocation from the fact that Appellant received new charges while he was participating in the ARD program to a violation of the spirit of the ARD program based on Appellant's failure to volunteer on his ARD Application that he had an uncharged arrest. *See supra* note 5.

In any event, Appellant further maintains that the conditions of an ARD program do not apply to a defendant until he actually enters the program. Thus, Appellant contends that revocation of a defendant's participation in an ARD program based on conduct which occurred prior to admission into the program is improper. In support of his position, Appellant cites this Court's decision in *Commonwealth v. Rosario*, 294 A.3d 338 (Pa. 2023), wherein we held that the anticipatory revocation of a probationary sentence that has not yet started is illegal. Specifically, we observed that the language of 42 Pa.C.S. § 9771(d) that provides that there "shall be no revocation of probation except after a hearing at which the court shall consider . . . evidence of the conduct of the defendant while on probation," *Rosario*, 294 A.2d at 348 (emphasis omitted), necessarily "limit[s] the timing of revocation to the post-commencement-of-probation context," and we

---

defendant may move the court for an order dismissing the charges." Pa.R.Crim.P. 319. If the Commonwealth has reason to believe that a defendant has failed to comply with the conditions of ARD, it may file a motion alleging that the defendant "during the period of the program has violated a condition thereof." Pa.R.Crim.P. 318(A). The defendant then shall be ordered to appear before the trial judge who entered the order for ARD, and afforded an opportunity to be heard. If the judge finds that the defendant "committed a violation of a condition of the program, the judge may order, when appropriate, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law." Pa.R.Crim.P. 318(C).

reasoned that interpreting Section 9771 to permit anticipatory revocation would ignore the language of the statute. *Id.* at 355.

With respect to the Superior Court's determination that the trial court's revocation was permissible in order to promote the spirit of the ARD program, Appellant argues that there is no provision in Section 3807 or the ARD rules that allows a trial court to revoke a defendant's participation in an ARD program simply in order to promote the spirit or purpose thereof. Moreover, Appellant asserts that the cases relied on by the Superior Court are distinguishable.

In this regard, Appellant emphasizes that, in *Jones*, the defendant falsified the Criminal History Statement supporting his ARD application by failing to disclose his multiple prior arrests. Appellant's Brief at 22. Further, Appellant points out that Jones was charged with committing a Title 18 offense during his probationary period, which constituted an independent basis for revocation of his participation in the ARD program. Appellant argues that, unlike the circumstances in *Jones*, in the instant case, there was no "evidence of falsification" because his ARD Application did not contain a "Criminal History Statement"; his ARD Application did not ask whether he had any "mere arrests or uncharged criminal or other objectionable conduct"; and he answered all of the questions on his ARD Application truthfully. *Id.* at 22-23. Indeed, Appellant highlights the trial court's concession that there was "no overt misrepresentation by Appellant or Counsel" regarding his Second DUI. *Id.* at 20 (quoting Trial Court Opinion, 1/4/23, at 5).

Appellant also suggests that the Superior Court's reliance on this Court's decision in *Boos* was misplaced, in that the defendant in *Boos* had prior DUI convictions that rendered him ineligible for ARD, and, moreover, Boos was informed that an individual with a prior DUI conviction was ineligible for ARD and that his admission into the ARD program would be revoked if it subsequently was discovered that he had any prior

convictions. Appellant reiterates that, unlike the defendant in *Boos*, he answered all of the questions on his ARD Application truthfully, including the question concerning whether he had any pending criminal charges, and he submits that "nothing in the rules, statutes, or [ARD] application indicated that a DUI arrest that had not resulted in charges would render him ineligible for ARD." *Id.* at 25.

Finally, in response to the Superior Court's concern that "disallowing" revocation of a defendant's participation in an ARD program based on the defendant's failure to voluntarily disclose certain information could result in a "chilling effect" on the willingness of prosecutors and courts to offer participation in ARD programs, Appellant avers that the concern may be remedied simply by adding the appropriate questions to the ARD Application. *Id.* at 35. In this respect, he notes that the comment to Pa.R.Crim.P. 311 provides that "[n]o particular form of ARD application or application procedure is required," Appellant's Brief at 38 (quoting Pa.R.Crim.P. 311 cmt.), and that Rule 311(B) states that information supplied by a defendant in his ARD application may not be used against him, except in a prosecution based on the falsity of the information supplied. Thus, he contends that courts and prosecutors are free to include on their ARD applications questions regarding an applicant's uncharged arrests.

In response to Appellant's arguments, the Commonwealth maintains that a trial court has the authority to revoke a defendant's participation in an ARD program for violations of any of the conditions of ARD – a fact that Appellant does not dispute – and asserts that Appellant

> did violate a condition of the ARD program, namely the condition that he have no pending criminal charges, listed as #8 in [Appellant's] ARD application. [Appellant] had good reason to know that his second DUI arrest would lead to criminal charges, especially in view of recent experience from his first arrest that occasioned his ARD application.

Commonwealth's Brief at 28.[7]  The Commonwealth further claims there is "at least an implied condition that the defendant not incur criminal charges under Title 75." *Id.* at 30.

With respect to Appellant's reliance on *Rosario* for the proposition that conduct that occurred prior to his admission into the ARD program is not a basis for revoking his participation in the program, the Commonwealth distinguishes *Rosario* for the same reason the Superior Court distinguished *Simmons* – that probation, which was at issue in *Rosario*, is not sufficiently akin to ARD.  The Commonwealth emphasizes that, unlike revocation of probation cases, in which an individual is resentenced, if an individual is removed from an ARD program, he does not automatically face criminal sanctions; rather, his case proceeds under the law and "may possibly terminate without any punishment if not proven beyond a reasonable doubt." *Id.* at 21.

The Commonwealth additionally avers that Appellant's reasons for claiming he was improperly removed from the ARD program "rely unduly on technical arguments that ignore the unique nature of the ARD program." *Id.* at 4.  It submits that Pennsylvania case law "amply supports" the termination of an individual's participation in ARD in order to promote the spirit of the program when there has been a "glaring omission" in the participant's ARD application. *Id.* at 8.

In the Commonwealth's view, Appellant's failure to volunteer on his ARD Application that he had an uncharged arrest is akin to the failure of the defendant in *Jones* to disclose his prior arrests on a Criminal History Statement because, "[a]s in *Jones*, [Appellant] would not have been admitted to the ARD program . . . had he disclosed his entire arrest record." *Id.* at 10-11.  The Commonwealth further argues that *Boos* stands for the proposition that ARD applicants have an "affirmative duty to come forward with disqualifying information given their superior knowledge of their own backgrounds." *Id.*

_____

[7] For ease of discussion, we have reordered the Commonwealth's arguments to correspond to Appellant's Brief.

at 12. The Commonwealth opines that it would be "strange . . . if defendants had a duty to disclose prior convictions but not prior arrests." *Id.* at 13.

As further support for its argument that an ARD applicant has "a duty to provide all information relevant to a decision regarding program eligibility," *id.*, the Commonwealth relies on the Superior Court's decision in *Commonwealth v. Belville*, 711 A.2d 510 (Pa. Super. 1998). In *Belville*, the defendant was arrested for DUI in 1987 and admitted into an ARD program. In April 1996, Belville was arrested for a second DUI, and, in September 1996, she applied for and received an expungement of the ARD disposition on her 1987 DUI. In November 1996, Belville completed an ARD application for her April 1996 DUI; the application asked if the she had ever been "arrested, charged, cited (including Vehicle Code violations) or held by any law-enforcement or juvenile authorities in the United States regardless of whether the citation or charge was dropped or dismissed or you were found not guilty or whether the record had been 'sealed', expunged, or otherwise stricken from the court records on any occasion other than this arrest." *Id.* at 511. Belville responded in the negative. The District Attorney, however, was aware of her prior participation in an ARD program, and denied her application for ARD for her second offense. Thereafter, Belville proceeded to trial and was convicted. She appealed her judgment of sentence to the Superior Court, arguing that the District Attorney abused his discretion in denying her ARD for the 1996 offense. The Superior Court affirmed, concluding it was proper for the prosecutor to consider Belville's expunged ARD, as well as her failure to disclose the same, when reviewing a subsequent ARD application. The court reasoned that "a dishonest response [regarding prior ARDs] might . . . result in a decision which will neither rehabilitate the applicant nor protect the public." *Id.* at 513. According to the Commonwealth, *Belville* supports the principle that "ARD applicants' candor is an appropriate consideration in weighing their suitability for program

admission," and, moreover, that "*Belville's* warning about the safety risks of admitting dishonest ARD applicants is . . . fully applicable in the instant matter." Commonwealth's Brief at 15.

Recognizing that it is not binding on this Court, the Commonwealth also cites the Connecticut Supreme Court's decision in *State v. Descoteaux*, 509 A.2d 1035 (Conn. 1986), in which the court held that a defendant who was participating in a diversionary program similar to ARD was properly removed from the program when she received new charges for the same offense while she was still in the program. In so holding, the court rejected Descoteaux's argument that her removal from the program violated her due process rights because she was not given notice that refraining from driving while intoxicated was an implied condition of her participation in the program. In this regard, the court reasoned, *inter alia*, that "the very nature of the program itself, necessarily put her on notice that driving while intoxicated would violate the spirit, if not the letter," of the program. *Id.* at 17-18 (emphasis omitted). Herein, the Commonwealth contends that, in light of the discretionary nature of the ARD program, "strict adherence to procedural minutiae is obviously out of place," and a defendant should not be permitted to remain in an ARD program based on a "technicality" when the defendant "was an unfit candidate from the outset." Commonwealth's Brief at 19.

The Commonwealth hypothesizes that a "finding in [Appellant's] favor would likely incentivize unscrupulous defendants to answer ARD application questions with evasions and partial truths in the hopes of gaining undeserved ARD admission, as such defendants might face no consequences if their deception were discovered," and would allow defendants who are not fully transparent to argue that their answers were "technically correct." *Id.* at 23. The Commonwealth also suggests that district attorneys may be hesitant to agree to ARD if there are no repercussions when a defendant gains admission

through "dishonest behavior," and will be forced to devote time and resources to conducting extensive independent reviews of ARD applicants' backgrounds, resulting in a delay of cases. *Id.* at 23-24.

Finally, the Commonwealth argues that, because Appellant's "deceptive behavior" regarding his Second DUI arrest preceded his admission to the ARD program, and was only discovered after he entered the ARD program, the trial court "properly ruled on [Appellant's] ARD status as if the matter had been newly presented for ARD consideration under Pa.R.Crim.P. 313(C) . . . as the ARD removal proceeding was the first proceeding in which the trial court knew all information relevant to a decision on [Appellant's] suitability for ARD." *Id.* at 33.[8] In support of its position, the Commonwealth cites *Commonwealth v. Gano*, 756 A.2d 689 (Pa. Super. 2000) (after defendant was admitted to ARD program in an *en masse* proceeding, trial court was entitled to reconsider that admission one day later, after discovering that defendant was a state trooper, which the trial court believed, albeit improperly in the court's view, weighed against his admission).

It is well settled that participation in an ARD program is a privilege, not a right, and "the district attorney has the discretion to refuse to submit a case for ARD, and if the case is submitted for ARD, the court must approve the defendant's admission." *Lutz*, 495 A.2d at 931. As discussed above, in order to participate in an ARD program, a defendant is subject to, *inter alia*, the specific requirements set forth in Section 3807, as well as any additional conditions of participation imposed by the court. 75 Pa.C.S. § 3807(b).

Preliminarily, it is undisputed that Appellant did not "commit any violation of the law" while participating in the ARD program, as his Second DUI arrest occurred prior to his admission to the program, and, thus, there is no merit to the Commonwealth's contention

_____

[8] Rule 313(C) provides: "After hearing the facts of the case, if the judge believes that it warrants [ARD], the judge shall order the stenographer to reopen the record and shall state to the parties the conditions of the program." Pa.R.Crim.P. 313(C).

that he violated Adams County Rule of Criminal Procedure 705.1(D)(1). Further, there is no suggestion that Appellant violated any of the enumerated conditions contained in Section 3807, or any additional conditions imposed by the trial court, while he was in the ARD program. Finally, Appellant did not make any misrepresentations in his ARD Application.

Nevertheless, the Commonwealth argues that Appellant violated a "condition of the ARD program, namely the condition that he have no pending criminal charges," because he "had good reason to know that his second DUI arrest would lead to criminal charges." Commonwealth's Brief at 28. Notably, in asserting that Appellant should have known that his Second DUI arrest "would lead to criminal charges," the Commonwealth necessarily concedes that Appellant did not have any pending criminal charges in Pennsylvania, another state, or in a federal jurisdiction at the time he completed his ARD application.

The Commonwealth, however, suggests that the term "pending charges" should be interpreted broadly, and in the context of the "local practice before the Adams County Court of Common Pleas," where "additional criminal charges lead to 'automatic removal' from ARD.'" *Id.* at 29. The Commonwealth also suggests that there is "an *implied condition* that the defendant not incur criminal charges under Title 75" while participating in an ARD program. *Id.* at 30 (emphasis added). We reject both of these arguments.

First, we question how a defendant can be expected to understand and/or comply with *unwritten* local county rules. Further, with respect to the Commonwealth's position that there was an implied condition that Appellant not incur criminal charges while in the ARD program, we note that, in *Commonwealth v. Foster*, 214 A.3d 1240 (Pa. 2019), this Court rejected a similar argument made by the Commonwealth in the context of probation revocation. In *Foster*, the defendant entered a negotiated plea to possession of, and possession with intent to deliver, a controlled substance, and was sentenced to four years

of probation. While Foster was on probation, it was discovered that he had posted several photographs on his social media accounts, including photographs of guns, drugs, large amounts of money, and his sentencing sheet. At subsequent violation of parole hearings, the Commonwealth argued, *inter alia*, that Foster's act of posting the photographs revealed that he did not take his probation seriously. The trial court agreed, and, without finding Foster in violation of any specific condition of his probation, revoked his probation. Foster appealed to the Superior Court, which affirmed the trial court's revocation of Foster's probation.

On appeal, we reversed. We explained that, under Section 9771 of the Sentencing Code, revocation of probation "is sanctioned only 'upon proof of the violation of *specified conditions* of the probation.'" *Id.* at 1250 (quoting 42 Pa.C.S. § 9771(b)) (emphasis original). We expressly rejected the Commonwealth's request "for the creation of an implied condition of probation," noting that the applicable statute was clear and unambiguous. *Id.*

Although probation and ARD are distinct, similar to the requirements for revocation of probation set forth in Section 9771, Section 3807 requires that revocation of a defendant's participation in an ARD program be based on the defendant's violation of a specified condition of the program. 75 Pa.C.S. § 3807(e)(1) ("A defendant who fails to complete any of the conditions of participation contained in this section shall be deemed to have unsuccessfully participated" in the program); *see also* Pa.R.Crim.P. 318(C) ("If the judge finds that the defendant has committed a violation of a condition of the program . . . "). Thus, we hold a defendant's participation in an ARD program may not be revoked based on a violation of an "implied" condition.

We likewise reject the position of the Commonwealth and the lower courts that revocation of Appellant's participation in the ARD program was permissible in order to

preserve the spirit of the program, as we find this to be a variation on the argument that ARD may be revoked based on a violation of "implied" conditions. As Appellant observes, there is no provision in the rules or ARD statute that contemplates revocation of participation in an ARD program merely on the basis of preserving the spirit of the program, and the Commonwealth does not identify any statutory language allowing for revocation on that basis. However, the Commonwealth contends that case law supports revocation of a defendant's participation in an ARD program when the defendant fails to voluntarily disclose information that the district attorney or trial court would find relevant to the defendant's eligibility for the program. We do not agree.

In each of the cases relied on by the Commonwealth and the Superior Court, the defendants failed to truthfully respond to questions, or requests for information, regarding whether they had previously been convicted or charged with disqualifying offenses. In *Jones*, the defendant failed to disclose in his Criminal History Statement that, *inter alia*, he had been charged with simple assault two months prior to his admission to the program. In *Boos*, the defendant failed to disclose, before he was admitted into the ARD program, that he had two prior DUI convictions; Boos also admitted that the Commonwealth had advised him that he had to be a first-time offender, and he signed a form attesting that he understood the conditions of the program. The defendant in *Belville* expressly stated on her ARD application that she had never been arrested for, or charged with, DUI, when, in fact, she had been, and had previously participated in an ARD program. Finally, in *Descoteaux*, the defendant was participating in a diversionary program similar to ARD when she was arrested and convicted of a subsequent DUI offense.

In the instant case, Appellant completed a three-page ARD Application, wherein he accurately attested, in response to specific questions, that he did not have any prior

convictions for misdemeanor or felony criminal offenses; any prior participation in an ARD program; and, most relevantly, "any pending misdemeanor or felony criminal charges pending in the State of Pennsylvania or in any other state or federal jurisdiction." ARD Application, 9/24/21, at 2. Contrary to the representations made by the defendants in *Jones*, *Boos*, *Belville*, and *Descoteaux*, Appellant's statements were truthful, as it is undisputed that he did not have any pending criminal charges against him.

To the extent the Commonwealth submits it would be odd to require disclosure of prior convictions but not arrests, we recently explained, in *Commonwealth v. Berry*, 323 A.3d 641 (Pa. 2024), that there is a distinction between an arrest and a conviction, in that mere prior arrests shed no reliable light upon criminal propensity, cannot be used as evidence of bad character or for impeachment purposes, are not a relevant sentencing consideration, and have no probative value for establishing a defendant's likelihood of recidivism. Regardless, while the Commonwealth and trial court may wish to consider certain information about an applicant before determining his suitability for ARD,[9] it is the Commonwealth's burden to *ask* the questions it deems to be relevant, and we find no basis on which to expect an applicant to guess at what information he is expected to disclose. Indeed, in the instant case, it is possible that Appellant believed he ultimately would not be charged in connection with his Second DUI arrest.

Herein, there was no question on Appellant's ARD Application regarding prior arrests, no evidence that Appellant was orally questioned about prior arrests, and no indication that Appellant was informed that prior arrests for which he had not been charged might disqualify him from the ARD program. As Appellant answered all of the

---

[9] We express no opinion as to whether a question on an ARD application regarding an applicant's prior arrests would be prohibited under our decision in *Berry*, as the issue is not presently before us.

questions on his ARD Application truthfully, we hold there was no basis to revoke his participation in the ARD program.[10]

Order reversed. Case remanded. Jurisdiction relinquished.

Justices Donohue, Dougherty, Wecht, Mundy, Brobson and McCaffery join the opinion.

Justice Wecht files a concurring opinion in which Justice Mundy joins.

---

[10] As we find that Appellant did not engage in "deceptive behavior," we do not address the Commonwealth's suggestion that the trial court was permitted to rule on Appellant's ARD status "as if the matter had been newly presented for ARD consideration under Pa.R.Crim.P. 313(C)." Commonwealth's Brief at 33.